# Bradley's Estate.

*Wills—Construction—Stocks on interest.*

Testatrix provided, among other legacies of personal property, that "I give......stocks that I have on interest to my sister." *Held,* the phrase "stocks that I have on interest," had reference only to shares of stock of corporations which were paying dividends, and did not include a mortgage nor stocks upon which dividends were not being paid.

Argued Oct. 24, 1912. Appeal No. 122, Oct. T., 1912, by Rebecca M. Morrow, from decree of O. C. Allegheny County, Jan. T., 1912, No. 81, dismissing exceptions to adjudication in Estate of Elizabeth M. Bradley, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to adjudication.

HAWKINS, P. J., filed the following opinion:

The question raised in this case is what part of the estate the codicil carries: After certain special legacies, Mrs. Bradley made a general residuary disposition of her estate; but there was no specification of any property. She afterwards made this codicil:

"I make this codicil to my last will on this 11th day of June, nineteen hundred nine. I, Lizzie Bradley, dispose of my personal property not mentioned in my will as follows: I give my furniture, bed and bedding, my sewing machine and pictures and dishes cooking, clothes, jewelry and silverware, all the money I have in bank and stocks that I have on interest to my sister Rebecca Morrow; I also give my watch and chain to Lydia Shaw Best."

Mrs. Bradley owned at the time of making her will and her death stock in the Wilkinsburg Real Estate & Trust Company, which were paying dividends and also in the United Wireless Telegraph Company, on which

the evidence does not show whether or not any dividends were being paid when the will was made. There was also a mortgage bearing interest which it was claimed was embraced in the phrase "stocks that I have on interest."

It must be assumed that when testatrix used the expression, "property not mentioned in my will," she meant property not specifically mentioned, for there is no specification of any property in the original will and the residuary disposition is general. The personal property is there presumptively treated as cash although in fact it consisted in part at least of securities. It has been suggested that by the codicil Mrs. Bradley undertook to dispose of *all* her personal property; but this is a mistake. She disposes of "my personal property ......as follows," and then immediately gives a specification of items which are to form the subject of this codicillary gift. The simple question then is whether or not there was property on hand answering the description of "stocks I have on interest." It is insisted that this form of expression was intended to embrace any sort of investment bearing interest, and therefore the mortgage which Mrs. Bradley had on hand. But the primary meaning of the word "stocks" is shares in a corporation or commercial company; Webster's Dict. Bouvier: On the face of the will there is nothing to show its intended use in a different sense. The gift is of "stocks," with their incidental product; and it is immaterial what this product may be called, whether by its ordinary name of dividends, or an equivalent, such as income, or interest: Reed v. Head, 88 Mass. 174, 177; Gibbons v. Mahon, 136 U. S. 549 (10 Sup. Ct. Repr. 1057). The mention of interest in this connection, was obviously intended solely as a mark of distinction from other assets, and identification, of the thing given— "stocks that I have on interest"—and when the fact of productiveness had been established, the gift became specific and separated from the general residuary dispo-

sition.   As this is an incident of fact, the burden is obviously on the legatee as a basis of claim to show it; and the proof here goes no further than the productiveness of Mrs. Bradley's stock in the Wilkinsburg Real Estate & Trust Company.   The fact that the Wireless Telegraph Company has declared no dividend since Mrs. Bradley's death, would seem to imply that it was unproductive before.

It follows from what has been said that the only stocks answering the description in the codicillary gift was that of the Wilkinsburg Real Estate & Trust Company.

*Errors assigned* were in dismissing the exceptions.

*John P. Hunter,* with him *Walter Lyon,* for appellant. —The intent of testatrix was to dispose of all her personal estate: Lacy v. Moore, 46 Tenn. 348.

The phrase "stocks that I have on interest," did not limit the gift to dividend bearing stocks: Jacobs's Est., 140 Pa. 268; Sweitzer's Est., 142 Pa. 541; Reimer's Est., 159 Pa. 212; Salt's Est., 8 Pa. D. R. 325; Smith's Est., 6 Pa. D. R. 329; Strawbridge Est., 5 Pa. D. R. 692; Burr's Est., 14 Pa. D. R. 298; Smith v. Davis, 1 Grant (Pa.) 158; Newbold v. Prichett, 2 Whart. 46.

*James R. Sterrett,* of *Patterson, Sterrett & Acheson,* with him *Charles Alvin Jones,* for appellees.—The testatrix did not mean to dispose of all her personal property but only of her dividend bearing stocks: Reed v. Head, 88 Mass. 174; Gibbons v. Mahon, 136 U. S. 549 (10 Sup. Ct. Repr. 1057) ; Watson v. Martin, 228 Pa. 248.

PER CURIAM, January 6, 1913 :

The decree appealed from is affirmed on the opinion of the learned president judge of the Orphans' Court.