## Dodson's Estate.

*Wills—Legacies—Construction—Intention.*

Where a testatrix provided by will "any money or bonds I may have in my own name and not in the name of the estate of my husband I give and bequeath to my sisters......" the bequest did not cover a book account due to the testatrix or certain shares of stock for which she held certificates.

Argued March 7, 1916. Appeal, No. 386, Jan. T., 1915, by Mary L. Hamlin and Emma S. Hamlin, from decree of O. C. Northampton Co., dismissing petition for a citation to show cause why the executors and residuary legatees should not pay the petitioners the amount of a book account owned by decedent's estate and assign certain shares of stock, in Estate of Katharine H. Dodson, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition for a citation to show cause why the executors and residuary legatees under a will should not pay to petitioners the amount of a book account owned by decedent's estate and assign to petitioners certain shares of stock. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The lower court dismissed the petition. Petitioners appealed.

*Error assigned,* among others, was in dismissing the petition.

*R. S. Taylor,* for appellants.

*William W. Porter,* with him *Harry A. Cyphers,* for appellees.

PER CURIAM, April 17, 1916:

The following is the fifth clause of a codicil to the will of the testatrix: "Any money or bonds I may have in my own name and not in the name of the estate of my husband I give and bequeath to my sisters Mary L. Hamlin and Emma S. Hamlin." The question before us is whether, under this clause, there passed to the appellants a book account due to the testatrix and certain shares of stock for which she held certificates. The correct conclusion of the learned court below was that appellants are not entitled to the book account and stock,

and the decree is affirmed upon the following from the opinion dismissing the petition for a citation: "In the present case we think it perfectly plain that the expression 'any money' is significant. The word 'any' is the same word that was used in the Levy's Estate, Altemus's App., 161 Pa. 189. Of itself it restricts the other word 'money.' It shows that the decedent meant 'if I should have money; if, perchance, there should be money in my name'; and when she used the word 'money' she meant it in its ordinary, plain, common meaning, as 'cash,' 'ready money.' The word can only be enlarged when the whole scope of the will or the context plainly requires it to have an enlarged meaning, or where such interpretation is necessary to prevent an intestacy. In the present case this decedent, as we have already shown, knew what bonds, stocks and mortgages meant. Her will, in this fifth paragraph, refers to 'money.' That is what her words mean. If you give plain meaning to the word 'money' there is no ambiguity at all in the will. The will interprets itself. If you construe it so as to include choses in action, debts and stock, you make another will for her instead of interpreting her will. As we have already indicated, there is a residuary clause in this will, and in no event will there be any intestacy."

Decree affirmed at appellants' costs.