By the Court :
This is a proceeding in error to review the judgment of the court of common pleas in an action for the construction of the will of the late Bridget Walsh.
The will in question provided for a bequest to each of the two sisters of the testatrix of “the sum of $1000 of Louisville & Nashville Railroad bonds, belonging to my estate.” It appears that Bridget Walsh did not own any Louisville & Nashville Railroad bonds. She did, however, own two bonds of $1000 each of the Newport & Covington Bridge Company, which owned and leased to the Louisville & Nashville Railroad the bridge over which the trains of that railroad were operated. The decedent was an ignorant woman. She signed her will with a mark. She often spoke of the bonds in question as “L. & N. bonds” and “bridge bonds.” The *316 case falls within the rule that extrinsic evidence may be given to apply the will to its proper subject-matter. The facts concerning the estate of the testatrix show a latent ambiguity, one that does not ■appear until the facts concerning the property which she intends to give her beneficiaries are shown.' Such an ambiguity arises when the will contains a misdescription of the object or subject, as when there is no 'such person or thing in existence; or, if in existence, the person is not the one intended or the thing does not belong to the testator. Patch v. White, 117 U. S., 210. See 3 Jones Commentaries on Evidence, Section 476.
The facts in the case at bar bear a close resem.blance to those in Flood v. Flood, 1 Law Reports, Ireland (1902), 538.
The judgment of the court of common pleas finding that the intention of the testatrix was to give the Newport and Covington Bridge Company bonds to her two sisters was correct and will be affirmed.

Judgment affirmed.

Shohl, F. J., Hamilton and Cushing, JJ., concur.