## LIMA FIRST AMERICAN TRUST CO et v GRAHAM et

Ohio Appeals, 3rd Dist, Allen Co

No 682. Decided March 9, 1936

John L. Cable, Lima, for plaintiff in error.
Thornberg & Lewis, St. Clairsville, for defendants in error.

## OPINION

By GUERNSEY, J.

We will discuss these questions in the order mentioned.

1. It will be noted that under the provisions of Item Third of the will all the rest and residue of decedent's estate after certain specific bequests is devised and bequeathed to the Lima Trust Company in trust upon the terms and for the uses and purposes mentioned in the will. In the four numbered paragraphs of Item Third four separate and distinct trusts are created. The trust provided in paragraph No. 1 was for the wife, but contained a condition to the effect that the provisions become null and void if the wife should decline to take under the will. As she declined to take under the will, it is not necessary to discuss these provisions. The second paragraph creates the trust in question, the beneficiaries of which are the sisters of the deceased, the exceptors to the account.

The third pargaraph creates a trust of which the father of the deceased is the beneficiary. The fourth paragraph creates an income trust the beneficiaries of which are a daughter and grandson of the decedent. The only provision of Item Third with reference to the investment of trust funds is contained in paragraph 2 thereof and is applicable only to the special trust fund, and is as follows:

"my said trustee shall set apart said fund, and keep same apart from my general estate, and invest the same and add the income therefrom to the original trust fund."

Under the provisions of Item Fourth of the will the testator, subject to the terms and provisions of the trust provided for in Item Third, devises and bequeaths all the real estate and residue of his estate to his daughter, Clara L. Van Duersen, and his grandson, Duncan A. MacDonnell. There is no provision in this item covering investment of trust funds.

Under the Fifth Item power is conferred on the trustee as to the personal property

"to hold, control, sell, invest and re-invest the same in such manner as it may think best, with full power of converting realty to personalty, and personalty into realty.

This fifth item contains no language indicating that it was the intention of the testator to limit this grant of powers to any specific provision of the will. The grant, being general in terms and not limited to any specific item and being contained in an item in the will separate and apart from any provision creating a trust, applies to all the property devised and bequeathed to the Trust Company in trust. The provision contained in paragraph 2 of Item Third above referred to is solely a direction to invest, while the provisions of Item Fifth above referred to fix and determine the limits of the power and the manner of investment and authorized the trustee to invest the trust fund created by said paragraph 2 of Item Third in such manner as it might think best, with full power of converting realty into personalty and personalty into realty. This, being the case, the trustee of the trust fund provided in paragraph 2 of Item Third was authorized by the terms of the will to invest the trust funds in the Land Trust Certificates in question.

2. The first question having been answered in the affirmative, we will now consider the second question. It is a well settled rule of law relating to trusts that a trustee in his individual capacity may not either sell or purchase from the trust estate. The law does not stop to inquire into the fairness of the sale or the adequacy of the price, but stamps its disapproval upon a transaction which conflicts between the self-interest and the integrity of the trustee. The purpose of this rule is to remove all temptation from a trustee to defraud the trust estate through incentive to personal profit by individual transactions with it. In transactions between a trustee of one trust fund and the same person acting as trustee of another trust fund there can be no incentive of personal profit, and consequently no incentive to defraud and therefore no reason for the application of the rule mentioned. There being no reason for the application of the rule, the rule does not apply to such transactions.

There was no fraud, either actual or constructive, in the transaction between the bank, as trustee under paragraph 2 of Item Third, and of other funds in its hands as trustee. The purchase and sale were made at the market price and no individual profit was derived by the trustee from the

transaction. Ignoring the intermediary entirely in the transaction and considering the sale as a sale by the Trust Company as trustee of one fund to itself as trustee of another fund, the transaction was valid and did not constitute a breach of trust.

3. The next question relates to the question as to whether there was a breach of trust on the part of the trustee by way of commingling trust funds in violation of the provisions of the will. The original investment of the trustee of the trust fund created by paragraph 2 of Item Third of the will was evidenced by a single trust certificate for 5/1850 interest in the C. A. C. Site and, being authorized, did not constitute a breach of the condition of the will that the fund should be kept separate or a commingling of the trust estate. It is, however, contended that the conversion of this certificate with another certificate which the trustee held under other provisions of the will, into a certificate for 14/1850, the equitable interest and the allocation to the trust in question on the books and accounts of the trustee of an undivided 5/14 interest in such certificate constitutes a violation of the provisions of the will and a commingling of the trust funds, although subsequent to the filing of exceptions herein such substitute certificate was converted into two certificates of five and nine units respectively, and the certificate representing five units was allocated to the trust in question.

Land Trust Certificates are muniments of title to equitable interests in real estate. The equitable interest in the real estate therefore constituted the corpus of the investment and the trust certificates were only evidence of the investment. The conversion of the certificates of five and nine units into a certificate for fourteen units did not change the investment in any manner, but only changed the evidence of the investment, and the allocation of a 5/14 interest under this certificate to the trust fund in question separated this investment from the investment of other funds of the estate, as 5/14 of an undivided 14/1850 equitable interest is exactly the same as an undivided 5/1850 equitable interest, and such allocation entitled the trustee and the beneficiary of the special trust fund at any time to have such interest evidenced by separate certificate.

The rule of law as to commingling relates only to personal property and applies only to such items of personal property as have separate identities and are susceptible to blending in a mass with consequent loss of identity, and can not, from its nature,

have any application to undivided interests in real estate which are of such a character that they are incapable of separation or identification, and cannot have any application to evidences of the ownership thereof. Consequently the action of the trustee in the respects mentioned did not constitute a violation of the provisions of the will, or a commingling of funds or a breach of trust.

For the reasons mentioned, the judgment of the Common Pleas Court sustaining such exception is contrary to law in that it is not sustained by any evidence, and this court, entering the judgment upon the uncontroverted facts the Court of Common Pleas should have entered, will enter final judgment in favor of plaintiff in error at the cost of defendants in error.

KLINGER, PJ, and CROW, J, concur.