**FIRST NATIONAL BANK v RAWSON et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5159.  Decided June 21, 1937

Wm. R. Collins, Cincinnati, for appellee, The First National Bank.

Peck, Shaffer & Williams, Cincinnati, Maxwell & Ramsey, Cincinnati, Clark & Robinson, Cincinnati, Taft, Stettinius & Hollister, Cincinnati, Frank R. Gusweiler, Cincinnati, and Raymond J. Huwe, Cincinnati, for appellees, Hobart Rawson et al.

Paxton & Seasongood, Cincinnati, for appellants.

## OPINION

### By MATTHEWS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, construing the will of Frances Helen Rawson, deceased, and declaring the rights of certain beneficiaries under certain provisions of her will.

This will was executed in 1911 and a codicil thereto in 1927, in which the testatrix revoked her will in so far as it related to certain real estate, which she had conveyed in trust after the making of her will, changed the executor, and reaffirmed her will in all other respects.

Under Item "Four" of the will, the testatrix devised "All the real estate which I own or in which I have any interest and wherever situated" to trustees for the benefit of certain beneficiaries.

By another provision of said Item she gave all her United States Bonds, subject to a limitation of no importance here, to certain other beneficiaries.

And finally, by another provision of said Item she gave all the rest and residue "including any mortgage loans or lapsed legacies" to certain other beneficiaries.

At the time of making the codicil, the testatrix transferred stocks and bonds, constituting most of her personal property, to a trustee to manage for her, giving the trustee wide authority, but reserving to herself the power of ultimate control and providing for the termination of the trust at her death in any event, and the delivery of the entire corpus to her executor.

During the existence of this trust, the trustee, with the knowledge and approval of the testatrix, invested a part of the income derived from the trust property in certain "Land Trust Certificates." At the time of such investment, the trustee informed the testatrix fully as to their nature and character. These "Land Trust Certificates" now form a part of the estate, and one of the questions presented is, whether they pass to the devisees of the real estate or to the legatees of the personal property.

Of course, the intention of the testatrix when expressed must be given effect, even though in so doing, violence may be done to the nomenclature of the law. Where, however, the testamentary language has a well-defined meaning in the law, and the

circumstances fail to show ▮ any intention to attribute any other meaning, the court will give effect to the meaning ascribed to the words by the law. There is, of course, no presumption that ▮ language having a well established meaning in the law, when found in a will was used in a different sense. And when the will was prepared by a member of the profession, as this will evidently was, that ▮ fact is an additional circumstance indicating that the language should be given its legal meaning in determining the testamentary intention. Now we find nothing in the evidence of the circumstances surrounding the testatrix in 1911, when she executed her will, or in 1927, when she executed her codicil, tending to indicate that she had any intention other than that whatever of her property owned by her at her death should be classed under the law as real estate, should pass as such under her will.

It is argued that because this after-acquired property resulted from the investment of the income of personal property by the trustee, to whom the testatrix had conveyed it to hold and manage for her, and because in the trust instrument was language usually employed in dealing with personal property, that these circumstances show that the testatrix regarded "Land Trust Certificates" as muniments of personal property.

It is also urged that "Land Trust Certificates" were intended to take the place of mortgages as investments and should be classed as such in determining the direction in which they devolve under this will.

It is also suggested that because the Ohio Legislature classified "Land Trust Certificates" under the head of "Intangibles" that the testatrix must have believed them to be personal property when she purchased them. We do not believe these incidents occurring long after the will and codicil were executed furnish any ▮ guide to the intention of the testatrix at the time she executed those documents. It is common knowledge that the principal purpose in arranging the title of land so that "Land Trust Certificates" could be issued was to give to the holders an undivided equitable interest in the property in such a way as to make that ownership the primary thing as distinguished from a mere incident of a credit. In other words, the purpose was to avoid the creation of personal property in the form of an indebtedness, subject to taxation as such, notwithstanding the payment of taxes upon the title to the real estate. Assuredly, the motive was to create a tax-free form of investment, and to accomplish that it was necessary to limit the investment to an undivided interest in the title to real estate.

It is clear that the testatrix and those whose knowledge and intent are attributable to her understood this. They knew they were investing in real estate.

We do not think that the language of the trust instrument sheds any light upon the testamentary intention of the testatrix. If testamentary words are to be given a varying meaning at different times, dependent upon the subsequent non-testamentary action of the testatrix, which we do not concede, we would say that when she authorized the trustee to invest in these "Land Trust Certificates" that circumstance neutralized or changed whatever intention was disclosed to the contrary in the creation of the trust.

Contrary to the assumption just stated as an hypothesis, the original testamentary intent remains constant. Subsequent ▮ non-testamentary statements will not affect it. 41 O. Jur. 637. Only the application is suspended during the testatrix's life. Upon death, it is applied to the estate, and the original intent given effect so far as the estate left will permit.

Nor do we think that the subsequent attempt of the Legislature to include this then non-taxable property within the category of "Intangibles," and taxable as such, which was declared unconstitutional in Senior v Braden, 295 U. S. 422, reflects in any way upon the intention of the testatrix. The property still remained real estate in law, and, therefore, came within that description under the terms of this will.

We conclude that the property evidenced by these "Land Trust Certificates" passed to the devisees of the real estate under the terms of this will.

We pass now to a consideration of the other question presented.

During her lifetime the testatrix delivered to The First National Bank certain United States Government Bonds, ▮ and received from it a written acknowledgment of the receipt of such bonds, containing a recital that the testatrix was entitled to have returned to her United States Government Bonds. The writing is not clear as to wheth-

er the identical bonds were to be returned, but it is clear that both parties treated the identical bonds as the property of the testatrix, and that she had loaned them to the Bank to be deposited by it with the United States Government against the issuance of currency by the depositor. The bonds were so deposited, and they or other United States Government Bonds remained on deposit until the testatrix's death, and thereafter they were delivered to the executor.

It is contended that this item of the estate should pass as a credit and not under the testamentary description of "United States Government Bonds."

Whether the testatrix retained title to these bonds rests entirely upon the intention of the parties. If they so intended, then the bonds being in existence at the time of the testatrix's death, they would come clearly within the bequest of the United States Government Bonds. If they did not so intend, then this item would be a chose in action—a contract right against the First National Bank. We find that it is clear that the parties never intended that the testatrix should relinquish her title to these bonds.

We, therefore, hold that the legatees of the United States Government Bonds are entitled to them. The only difference in principle between this case and that of **Clark, Treas. v Gault, 77 Oh St 497,** is that the proof of the retention of title in this latter case was entirely in writing, whereas, in the case at bar it is partly written and partly oral and circumstantial. It is no less clear in the one case than in the other that title was retained.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.