MAJOR ET AL. *v*. MAJOR ET AL.

[No. 16,157. Filed June 28, 1938. Rehearing denied October 7, 1938. Transfer denied December 30, 1938.]

*Parker, Crabill, Crumpacker, May & Carlisle,* for appellants.

*Jones, Obenchain & Butler* and *Frederick Second,* for appellees.

BRIDWELL, J.—Ambrose J. Major died testate on January 9, 1936. His will was duly probated, and thereafter appellees brought this action against appellants to obtain a construction of said will. After the closing of issues there was a trial of said cause by the court, which resulted in a finding and judgment for appellees, upholding their contention as to the proper construction to be given said will. In due course appellants filed their motion for a new trial, asserting as causes therefor that the decision of the court is not sustained by

sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, appellants excepted, and perfected this appeal, assigning as error the overruling of said motion.

A stipulation of facts entered into between the parties constitutes the evidence given upon trial of the cause. Among other things, it is stipulated that the deceased testator at the time of the execution of his will, and at the time of his death, was the owner of certain shares of the capital stock, both common and preferred, of the Major Brothers Packing Company, an Indiana corporation; and further, that said corporation was indebted to him when the will was executed to the amount of $52,000.00, and when he died, to the amount of $123,-281.80, this indebtedness being evidenced either by promissory notes, or by the account books of said corporation.

The controversy between certain of the beneficiaries of the will involved arises out of their disagreement concerning the proper construction to be placed upon Item 3 of the will, which item reads as follows:

"I give and bequeath unto my sisters and brothers, namely Alex Major, Fred Major, Ethel Major and Marie Major, whatever stock or interest I may own at the time of my death in the Major Brothers Packing Company, a corporation of Mishawaka, Indiana, in equal shares of one-fourth (¼) to each of them; and if any of my said brothers or sisters shall have died before my death, then the share of the one or ones so deceased shall go, and I bequeath the same to his or her surviving heirs."

The matter presented for determination by this appeal, together with the contentions of the parties relative thereto, are well stated in appellants' brief, and we, therefore, quote such statement:

"The question involved in this case is, was the $123,281.80 owed by Major Brothers Packing Company to Ambrose J. Major at the time of his death,

bequeathed to the brothers and sisters equally and along with the stock in the Company, under Item III of the will, or did only the stock pass under this item?

"The appellees contend that the words 'whatever stock or interest' in said Item III of the will are effective to pass only the stock to the brothers and sisters, and that the indebtedness owed by Major Brothers Packing Company passes to the individual plaintiffs (the sisters) under the residuary clause of the will.

"The appellants, on the other hand, contend that Ambrose Major, by the third item of his will, clearly intended to and did give to his brothers and sisters, equally, everything he owned at the time of his death, appertaining to the business—every interest he had in the business—indebtedness as well as stock."

It is conceded by appellants that the indebtedness due from the corporation to the decedent would pass to appellees Marie and Ethel Major under the residuary clause of the will, unless it was bequeathed to the four brothers and sisters equally under Item 3 thereof.

It appears from the facts stipulated that the testator was one of a family of six children, namely the appellants Alex Major and Fred Major, the appellees Marie Major and Ethel Major, the deceased testator, Ambrose J. Major, and Frank T. Major, who died testate in 1929, and whose will was duly probated and letters testamentary issued to said Ambrose J. Major, designated in said will as executor thereof. This estate was still pending for settlement, and Ambrose J. Major was serving as executor under said will when his death occurred in 1936. Both parents died before the death of any one of said children, none of whom are or ever have been married, except Fred Major, who is married and has five children, ranging in ages from 15 to 24 years.

On and for many years prior to February 12, 1906, Frank T. Major and Ambrose J. Major were engaged as copartners in the business of packing meat for hu-

man consumption, and selling same at wholesale and retail. On said date, Articles of Incorporation of Major Brothers Packing Company were approved by the Secretary of State of Indiana, and the assets of the copartnership were acquired by the said corporation, the said members of the copartnership theretofore existing becoming the owners of all the stock of said corporation, with the exception of a few "qualifying shares." The corporation continued the business of packing and selling meats. The two brothers, Frank T. and Ambrose J., owned and continued to own a controlling interest in said corporation; Frank T. at the time of his death, on January 16, 1929, owning 915 of the 2,000 shares of the authorized common stock and 445 of the 1,000 shares of the authorized preferred stock, and Ambrose J. at the time owning 895 shares of the common and 445 shares of the preferred stock. By his will, Frank T. Major bequeathed his 915 shares of common and his 445 shares of the preferred stock to his five brothers and sisters heretofore named, in equal shares, and in addition bequeathed to Ambrose J. all stock in said corporation "which stands of record in the name of Ambrose J. Major and myself."

On April 9, 1930, the day Ambrose J. Major executed the will here involved, he was serving as executor of the last will of his brother Frank T., and the stock of the Major Brothers Packing Company bequeathed by his brother's will had not been distributed or reissued to the legatees to whom it had been bequeathed, he, the said Ambrose, being one of such legatees. It is stipulated that "no fact or reason existed on April 9, 1930, to delay or prevent the transfer of said shares on said day by said Ambrose J. Major, executor, to the partise entitled thereto," but, in fact, said shares had not been, and were not then transferred. The distribution oc-

curred shortly thereafter, on April 15, 1930, about one week after the will of Ambrose J. was executed.

Ambrose J. Major and his two sisters, the appellees, Marie and Ethel Major, lived together in the same household for approximately 35 years, and for approximately 20 years prior to his death they occupied as a home and place of abode a residence property owned by him and located in the city of Mishawaka, Indiana. He paid all the expenses and his sisters "kept house for him," neither of them engaging in any gainful occupation. There was no agreement between them concerning expenses or services. When he died (approximately 6 years after his will was executed) he left surviving him no wife, no child, no parent, no descendant of any child, no descendant of any deceased brother or sister, and no brother or sister other than the four who are parties to this appeal. By Item 1 of his will he provided for the payment of debts and expenses. Item 2 devised to his sisters the residence property which he and they occupied as a home, together with certain designated personal property used in connection therewith. Item 3 has heretofore been set out verbatim. Items 4 to 12, inclusive, relate to specific bequests made to persons not parties to this appeal, and whose rights are in no way affected. Item 13 disposes of the residuary estate, devising and bequeathing same to his two sisters, Marie and Ethel, equally, if both be living at the time of the testator's death, and if not, then the whole to the survivor. By Item 14, the two sisters were nominated and appointed as executrices of the will, and in the event of their failure to qualify, then the two brothers were nominated as executors. The will was drafted by a lawyer from written memoranda furnished him by the testator. No specific mention is made in the will of any indebtedness due from said corporation to the testator. When the will was drafted the amount of the debt was

$52,000.00, and within the six years subsequent to its execution and prior to the testator's death it was more than doubled, but no change was made in the will. At the time he executed his will, his brothers and sisters were each the owners of property having a net value of approximately $100,000, and he knew this.

When a will is to be interpreted, the primary purpose on the part of the court is to discover and give effect to the intention of the testator. The will is to be so construed as to give meaning to all the language and provisions thereof. All of its parts must be considered together, and, when necessary, in order to ascertain the testator's intention, the court will, in addition to considering the language and provisions, consider the circumstances and conditions surrounding the testator when the will was executed. *Skinner* v. *Spann* (1911), 175 Ind. 675, 93 N. E. 1061; *Hutchinson's Estate* v. *Arnt* (1936), 210 Ind. 509, 1 N. E. (2d) 585.

When we consider the facts in this case, and all the terms and provisions of the will, we are persuaded that there was no intention on the part of the testator when he used the language "whatever stock or interest I may own at the time of my death in the Major Brothers Packing Company" to bequeath to the recipients of said bequest the indebtedness due to him from said corporation. Generally speaking, an indebtedness due from a corporation to another, even though the person to whom the debt is owing be a stockholder of the corporation, does not, because of the debt, confer upon the person to whom it is payable an interest in the corporation. It is not so generally understood. A creditor's right is superior to that of a stockholder, but he has no right because of this relationship to any voice in the management or control of the corporation, or no interest therein within the meaning of that word in accordance with its ordinary usage.

When the will was executed Ambrose J. Major was not only the owner of stock in the Major Brothers Packing Company which had already been issued to him, but he also owned another interest in said corporation, consisting of the legacy bequeathed to him by the will of his brother, Frank T. Major, which legacy had not been delivered, but which would eventually come into his possession, or pass to his heirs if he died intestate before receiving it. The language "whatever stock or interest" used in Item 3 of his will was appropriate language to dispose of this property, and had he died prior to receipt of said legacy, it, in the absence of such provision, would have become a part of the residuary estate. The words "whatever stock or interest" were necessary to dispose of his ownership in the assets of the corporation as conditions existed at the time the will was executed, if he desired and intended to bequeath to his brothers and sisters equally his entire interest in such corporation.

The trial court's decree adjudged that the indebtedness due from the corporation to the testator was not bequeathed by Item 3 of his will, but passed under Item 13, the residuary clause thereof, and the executrices were directed to proceed in accordance with the decree entered.

If it be conceded that the phrase "whatever stock or interest" is broad enough in some instances to bequeath an indebtedness due to a testator, yet, in the instant case, when we consider all the provisions of the will, together with the circumstances and conditions which the evidence shows existed to the knowledge of the testator when his will was executed, we are convinced that it was not his intention to have his brothers and sisters share equally the indebtedness due to him from the corporation. No word or provision of the will is ignored, nor rendered ineffective by such a construction.

There is nothing disclosed by the record which convinces us that the trial court erred when it decided that said indebtedness was not bequeathed by Item 3 of the will, nor that its action in overruling appellant's motion for a new trial was erroneous. The judgment is affirmed.