shall be held liable under the provisions of the said Section 1707.43, *supra*.

In the state of the record as it is now before us, it was the duty of the court below to determine whether the defendant had sustained the burden of proof upon him, and this the court did not do. That being the case, the second assignment of error is well taken and must be sustained. From what has been said it is our opinion that the first assignment of error is not well taken. This is for the reason that in the answer of the defendant, the defense of nonmateriality of the violation to the protection intended is raised and proof of that could constitute a complete defense, and this allegation was put in issue by the reply on the part of the plaintiffs. Hence, the first assignment of error must be overruled.

For the reasons above set forth the judgment of the court below is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MILLER and DUFFY, JJ., concur.

BROOKS, EXR., ET AL., APPELLEES, *v.* ESCHWEGE ET AL., APPELLANTS.

(No. 704—Decided April 22, 1957.)

*Messrs. Freeman & Freeman,* for appellee.
*Messrs. Young & Young,* for appellant.
*Messrs. Weldon, Huston & Keyser* and *Messrs. Bracy & Bracy,* for the Charities.

FESS, J. This is an appeal on questions of law from a judgment of the Probate Court construing a will.

In Item I of her will, the testatrix provided for the payment of her debts and funeral expenses out of the proceeds of stocks mentioned in her agreement with a funeral director, to wit: Knickerbocker Trust, Spaulding & Company and Pennsylvania Railroad.

In Item II of her will she requested that the balance of her stocks be kept and her sister and brother, or their survivor, be given the earnings therefrom, and that upon the death of both the proceeds of said stocks be divided equally between The Mansfield General Hospital and the Salvation Army at Mansfield, Ohio.

In Item III, she bequeathed all the rest of her property to Flora Hahn, if living, and to the appellant, Sophia M. Turner, as survivor.

At her death, in addition to the shares referred to in her agreement with the funeral director, she held 21 shares of American Telephone & Telegraph stock and four one-thousand-dollar bonds of the New York Central Railroad Company. The case was decided below upon the pleadings, without the introduction of evidence. The Probate Court held that the phrase, "balance of my stocks," as used in Item II of the will included the four New York Central bonds.

In England, the word, "stock," includes certain public or private obligations, usually known in the United States as bonds. *Tucker* v. *Curtin*, 148 F., 929, 934. But the usage of the terms, "stocks" and "shares," in America is quite different from that in England. In the United States, stock signifies the ownership in the business held by the many persons who have bought interests in it and who are known as stockholders. The term, "stock," does not carry the idea of a loan, but indicates always an actual purchase of part ownership. Loans are represented by "bonds," except in the case of New York City, which still adheres to the English usage and still has outstanding its "stock," which is to all intents and purposes equivalent to municipal bonds. Volume 21 Encyclopedia Brittanica; see, also, Century Dictionary; *Carson, Pirie Scott & Co.* v. *Duffy-Powers*, 9 F. Supp., 199, 201; Bouvier's Law Dictionary, citing *Miller, Exr.,* v. *Ratterman, Treas.*, 47 Ohio St., 141, 24 N. E., 496.

In the United States there is a well-recognized legal dis-

tinction between stocks and bonds. Thus it has been held that debenture certificates, even though convertible into stock, did not pass under a bequest of all of testatrix's stocks in any and all corporations. *Connecticut Trust & Safe Deposit Co., Admr., v. Chase,* 75 Conn., 683, 55 A., 171. The phrase "stocks that I have on interest" did not include a mortgage or nondividend paying shares. *Bradley's Estate,* 238 Pa., 440, 86 A., 291. Construing all the provisions of a will as a whole, it was held that the phrase, "whatever stock or interest," in a named corporation did not include $123,281.80 indebtedness due the testator from such corporation. *Major* v. *Major,* 106 Ind. App., 90, 15 N. E. (2d), 754. Conversely, it has been held that the word, "bonds," does not include "stocks." *Dodson's Estate,* 253 Pa., 344, 98 A., 617.

In *Fidelity Union Trust Co.* v. *Van Alstyne* (N. J.), 46 A. (2d), 448, where testatrix bequeathed her "stock" in a specified corporation but it appeared that she never owned any stock in such corporation but did have a $5,000 perpetual interest-bearing certificate issued by such corporation, the bequest of stock operated to pass the certificate to the beneficiary. However, it is apparent from the opinion that the conclusion was reached upon extrinsic evidence disclosing the real intention of the testatrix, rather than from a construction of the terms employed in the will. See *Walsh* v. *Walsh,* 13 Ohio App., 315, holding that a misdescription in a will of property which is the subject of a bequest gives rise to a latent ambiguity where the misdescription is not apparent until facts are shown concerning the property which testator intended to bequeath, and that extrinsic evidence is admissible to apply the will to its proper subject matter.

Where testamentary language has a well-defined meaning in the law, and the circumstances fail to show any intention to attribute any other meaning, the court will give effect to the meaning ascribed to the words at law. And there is, of course, no presumption that the language having a well-established meaning at law when found in a will was used in a different sense. And when a will has been prepared by an attorney, as is fairly to be inferred by the context of the instant will, that fact is an additional circumstance indicating the language should be

given its legal meaning in determining the testamentary intention. *First National Bank of Cincinnati, Exr.,* v. *Rawson,* 56 Ohio App., 388, 390, 11 N. E. (2d), 110.

Therefore, in the absence of extrinsic evidence tending to show that at the time testatrix made her will she regarded the term, "stocks," as used therein to include bonds, the term must be construed in the light of the word used.

The judgment of the Probate Court is therefore reversed and the cause remanded thereto for further proceedings in accordance with this opinion. Costs upon this appeal and in the Probate Court to be paid from the estate.

*Judgment reversed.*

Deeds and Smith, JJ., concur.