ARMSTRONG, ADMR., ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 1045—Decided August 1, 1983.)

*Mr. William C. Hofstetter,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark A. Engel,* for appellee.

FORD, J. This appeal arises out of a determination of the Tax Commissioner of additional, non-resident estate tax due the state of Ohio from the Estate of Robert G. Armstrong. Exceptions to the determination were filed by the administrator of the estate with the Probate Court of Geauga County. The case was presented to the court on agreed stipulations of fact and arguments of law. The court overruled the exceptions. The administrator of the estate then appealed the decision of the probate court to this court pursuant to R.C. 5731.32.

On July 28, 1978, in the state of Michigan, Robert G. Armstrong, the decedent, and his spouse created a valid trust of which the decedent and his spouse were the initial trustees and beneficiaries. The trust so created was revocable during the life of the decedent or his surviving spouse. On October 2, 1978, the decedent and his spouse conveyed four parcels of real estate situated in Geauga County, Ohio, to the trust, and this property was still owned by the trust at the time of the decedent's death on November 11, 1979. The decedent was a resident of Michigan when he died.

In addition to the Ohio property held by the trust of which the decedent was one of the trustees, the decedent on the date of his death owned, in his individual capacity and totally unrelated to the trust, an undivided two-fifths interest as a tenant in common in four parcels of real estate also situated in Geauga County.

The parcels which had been conveyed to the trust were not assets of the decedent's probate estate and were not transferred by the trust as a result of the decedent's death.

Pursuant to R.C. 5731.19, the estate was required to file an Ohio non-resident estate tax return and to pay a tax on the value of any property located in Ohio included in the gross value of the estate. In computing the tax, the estate included in the numerator of the fraction provided in R.C. 5731.19(B)(2) only the value of decedent's two-fifths interest in the four parcels of real property in which he held title, and excluded the value of decedent's interest in the property held in trust. This computation resulted in a tax of $123.20, which was paid by the estate. The Tax Commissioner, upon review, included the value of decedent's interest in the property held in trust in the numerator of the fraction, resulting in a deficiency of $816.23. The deficiency was then assessed against the estate.

The administrator-appellant took exception to the Tax Commissioner's determination. The probate court, as noted, overruled the exceptions. Appellants now

submit two assignments of error to this court:

"1. The Court erred in its determination that the Tax Commissioner properly calculated and determined the non-resident estate tax due from this estate.

"2. The Court erred in that the construction it applied to O.R.C. § 5731.19 is unconstitutional, violating Article XII, Section 5, Constitution of Ohio."

Appellants' first assignment of error is without merit.

R.C. 5731.19 provides in part:

"(A) A tax is hereby levied upon the transfer of so much of the taxable estate of every person dying on or after July 1, 1968, who, at the time of his death, was not a resident of this state, as consists of real property situated in this state, tangible personal property having an actual situs in this state, and intangible personal property employed in carrying on a business within this state unless exempted from tax under the provisions of section 5731.34 of the Revised Code.

"(B) The amount of the tax on such real and tangible personal property shall be determined as follows:

"(1) Determine the amount of tax which would be payable under Chapter 5731 of the Revised Code if the decedent had died a resident of this state with all his property situated or located within this state;

"(2) Multiply the tax so determined by a fraction, the denominator of which shall be the value of the gross estate wherever situated and the numerator of which shall be the said gross estate value of the real property situated and the tangible personal property having an actual situs in this state and intangible personal property employed in carrying on a business within this state and not exempted from tax under section 5731.34 of the Revised Code. The product shall be the amount of tax payable to this state."

The parties are in agreement as to the effect of subdivision (B)(1), as well as the computation result of the denominator of the fraction under subdivision (B)(2) of the foregoing statute in this case. The parties also agree that no tangible personal property with a situs in Ohio, nor any intangible personal property used in business, was inventoried in the decedent's estate. It is conceded that the numerator of the fraction used in the formula to determine the actual tax obligation should consist of the gross estate value of the real property situated in this state. The parties, however, disagree as to what real property situated in Ohio should be included in this computation. Therefore, the express issue presented is whether the value of the decedent's beneficial interest in the four parcels conveyed to the revocable trust prior to his death are properly included in the numerator of the fraction prescribed under R.C. 5731.19(B)(2), as computed by the Tax Commissioner and approved by the probate court. This appears to be a case of first impression on this question in Ohio.

The Tax Commissioner bases his position essentially on his interpretation of the application of the two following statutory provisions:

R.C. 5731.01(A) provided, in part:

"The 'value of the gross estate' of the decedent shall include, to the extent provided in sections 5731.03 to 5731.13, inclusive, of the Revised Code, the value, on the date of the decedent's death * * * of all property, real or personal, tangible or intangible, wherever situated, except real property situated * * * outside of this state."

R.C. 5731.03 then provides:

*"The value of the gross estate shall include the value of all property, to the extent of the interest therein of the decedent on the date of the decedent's death."* (Emphasis added.)

It is to be noted that the pertinent sections of the Revised Code make no distinction between residents and non-residents.

The beneficial interest of a benefici-

ary of a trust in real property held by the trust is an interest in the real property. *Senior* v. *Braden* (1935), 295 U.S. 422; *First National Bank of Cincinnati* v. *Rawson* (1937), 56 Ohio App. 388 [9 O.O. 443]; *Lima First American Trust Co.* v. *Graham* (1936), 54 Ohio App. 85 [5 O.O. 232]. See, also, *Brown* v. *Fletcher* (1915), 235 U.S. 589, 597-599, holding that the interest of a beneficiary in real property held in trust is a right or estate in the real property and not just an intangible chose in action. A reading of R.C 5731.19 indicates that no distinction is engrained between legal and equitable interests in real estate.

This court agrees with the appellants that, generally, strict construction of taxing statutes is required. However, in reviewing such statutes, the court cannot go beyond the plain meaning of the words which the legislature has used to express its intention. *Little* v. *United Presbyterian Theological Seminary* (1905), 72 Ohio St. 417, 428. The fifth paragraph of the syllabus of *Sears* v. *Weimer* (1944), 143 Ohio St. 312 [28 O.O. 270], provides that:

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted."

In the *Braden* case, *supra,* the United States Supreme Court indicated that a trust certificate evidences ownership in the trust *res.*

The language in R.C. 5731.19 regarding the question at issue here appears to be "plain" in character. It does not require that the ownership in real property be "legal" before its value can be included in the estate for tax computation purposes. It simply requires that the decedent have an interest in such real property in order to include the value of such property in the value of the gross estate.

Other reasoning supports the inclusion of the value of the four trust parcels in the numerator of the fraction established under R.C. 5731.19. R.C. 5731.08 provides:

"The value of the gross estate shall include the value of all property, to the extent of any interest therein of which the decedent has made a transfer except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, by trust or otherwise, where the enjoyment thereof was subject on the date of the decedent's death to any change through the exercise of a power, in whatever capacity exercisable, by the decedent alone or by the decedent in conjunction with any other person to alter, amend, revoke or terminate."

Pursuant to this provision, property that has been transferred by a decedent, except in the case of a bona fide sale for an adequate and full consideration, in which a decedent retains a power to amend, modify, revoke or terminate the transfer or the enjoyment of the property, is brought back into the estate for estate tax purposes. The property is treated as if it were never transferred until the death of the transferor. The value of the property is, pursuant to R.C. 5731.01(A) and 5731.03, included in the value of the gross estate. It is the value of the decedent's interest in the property, and not the value of the power to amend, modify, or revoke, that is taxed. In the present case, under the terms of the fourth article of the trust agreement, the decedent reserved the powers to revoke, amend, and modify the terms of the trust.

The defect in the appellants' position is that it equates the "gross estate value of the real property situated * * * in this state" (R.C. 5731.19[B][2]) with property in this state to which the decedent has legal title or ownership. As indicated above, R.C. 5731.01(A) and 5731.03 provide that the value of the gross estate shall include all real property situated in this state to the extent of the decedent's interest in the property on the date of his death. The statutes refer to any interest,

and do not differentiate between legal and beneficial interests. Thus, the numerator of the fraction, which in this case is the "gross estate value of the real property situated * * * in this state" is the value of any real property located in this state to the extent that the decedent had any interest in the property. R.C. 5731.19 contains no express or implied requirement that legal title to real property is a prerequisite to the inclusion of the property's value in the numerator of the fraction.

We, therefore, hold that under R.C. 5731.19 that the value of the decedent's "Ohio gross estate" includes the value of all real property located in Ohio to the extent of the decedent's interest therein on the date of such decedent's death. Here, the decedent had an interest in the four parcels of real property transferred to the trust, and their value should be included in the numerator of the statutory fraction. The deductions provided in R.C. 5731.15 through 5731.17 are not applicable. Hence, the values of the decedent's taxable and gross estates are the same in this case.

In the second assignment of error, appellants argue that the construction applied by the probate court to R.C. 5731.19 is unconstitutional because that application violates Section 5, Article XII of the Ohio Constitution.

This assignment of error also is without merit. The appellants' contention here ignores the decedent's beneficial or equitable ownership interest, and the fact that this interest passed or was transferred to his surviving spouse.

Thus, there was compliance with the statute, and, therefore, Section 5, Article XII of the Ohio Constitution was not violated in its application.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.