PAN P. KERHULAS, Co-EXECUTOR AND BENEFICIARY OF THE ESTATE OF MARIE M. PETCHIOS v. GEORGE ANDREW TRAKAS, Co-EXECUTOR OF THE ESTATE OF MARIE M. PETCHIOS, NICHOLAS GEORGE MENTAVLOS, BENEFICIARY AND Co-TRUSTEE UNDER THE WILL OF MARIE M. PETCHIOS, TULA M. COLLIAS, Co-TRUSTEE UNDER THE WILL OF MARIE M. PETCHIOS, AND JEAN P. MENTAVLOS, BENEFICIARY UNDER THE ESTATE OF MARIE M. PETCHIOS

No. 8627SC539

(Filed 25 November 1986)

**1. Wills § 57— bequest of corporate shares or equivalent—notes not included**

Although the issue was not directly contested on appeal, notes of a partnership to the deceased were not part of the concern's capital structure and thus were not left to the trustees under a will provision regarding corporate shares or the equivalent if there was a change in the structure of the corporation which preceded the partnership. In the absence of special provisions so indicating, a bequest of corporate stock does not carry with it debts that the corporation owes a particular stockholder.

**2. Executors and Administrators § 32— corporate shares and notes—interested co-executor—authority to distribute**

In an action arising from a will provision dealing with distribution of equivalent shares should the capital structure of a corporation change, the trial court did not err by failing to remove plaintiff as co-executor because her interest in the distribution of the stock conflicted with that of her sister, did not err by failing to dismiss the action because plaintiff had stipulated that the co-executors could exercise discretionary powers granted in a codicil, and did not err by failing to determine that a codicil gave the co-executors discretionary authority to distribute notes as part of the specific bequest made for a sister.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 31 January 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 21 October 1986.

This declaratory judgment action was brought to determine the rights and duties of the parties under the last will and testament of Marie M. Petchios, who died 23 May 1982. The testamentary papers consist of a will executed on 19 February 1974 and a codicil executed on 3 July 1975. Marie M. Petchios had two daughters, Pan P. Kerhulas and Jean P. Mentavlos, and a provision of the will, not amended by the codicil, left the residuary of her estate to them in equal amounts—Pan P. Kerhulas' share going direct, that of Jean P. Mentavlos going to trustees for her benefit. The meaning of the residuary clause and the rest of the original

will is plain; what is alleged to be obscure and in need of judicial determination is the scope and meaning of a specific bequest for the benefit of Jean P. Mentavlos that was made in the codicil. The bequest was shares of stock in LPT Company, a North Carolina corporation that was later succeeded by a partnership in which Mrs. Petchios was a partner when she died. When the will was executed she owned 1,130 shares of the corporate stock; but a year later, in January, 1975, she gave half of her stock or 565 shares to her daughter Pan P. Kerhulas. A few months later, when the codicil was executed, the other half of her LPT Company shares was devised to the co-trustees for Jean P. Mentavlos, as follows:

> . . . Five Hundred Sixty-five (565) shares of the common stock of LPT Company together with all dividends, rights and benefits declared thereon subsequent to the time of my death and all rights and benefits thereof. If there should be any change in capital structure of the said LPT Company after the date of this Will, I bequeath to the said Nicholas George Mentavlos and Tula M. Collias, as Co-Trustees of the Jean P. Mentavlos Trust, *such number of my shares of the stock of said company or of its successor* (whether by change of name, consolidation or merger) *as shall in the sole judgment of my Executors be the equivalent of 565 shares of such stock owned by me at the time of the execution of this Will* including but not by way of limitation any stock dividends or splits attributable thereto, any stock purchased by me in the exercise of rights thereon or any stock issued to me in exchange therefor. (Emphasis supplied.)

Five years later, on 7 July 1980 the corporation LPT Company was liquidated into LPT Enterprises, a limited partnership, and each shareholder, including Marie M. Petchios and Pan P. Kerhulas, received an interest in that partnership proportionate to the corporate stock then held. This proportionate partnership interest, held by Marie M. Petchios at her death and valued at $136,814 on the estate inventory, passed to the co-trustees for Jean P. Mentavlos under the above bequest without dispute. In September, 1980 the partnership borrowed $600,000 from a bank and made a proportionate capital distribution to its partners; by that distribution Pan P. Kerhulas and Marie M. Petchios each received $56,500. On 1 November 1980 Marie M. Petchios loaned the

partnership $46,500 at 9.5% interest and on 1 February 1981 she loaned it another $18,000 at 10% interest. Each loan was evidenced by a demand note and the balance due on both notes when the testatrix died was $60,000. The partnership distributed income to the partners twice while the testatrix was still living; in February, 1981 the testatrix and Pan Kerhulas each received $8,633 and in January, 1982 each received $4,316.50.

In the trial court the only dispute as to the will's meaning was whether the above quoted provision either left the aforesaid notes of LPT Enterprises to the trustees for Jean P. Mentavlos or gave the co-executors the discretion to so distribute them. The trial court ruled that the provision did not leave the notes to the trustees for Jean P. Mentavlos as a specific bequest, that it did not authorize the co-executors to distribute the notes in their discretion, and that they must be distributed under the residuary clause. In entering judgment the court also overruled motions by the defendants to remove plaintiff as co-executor because her interest under the will conflicts with that of Jean M. Mentavlos, and to dismiss the declaratory judgment action because plaintiff had stipulated that the defendant co-executor could exercise the discretionary powers devised to them by the aforesaid provision and that in exercising those powers he had distributed the notes to the trustees for Jean M. Mentavlos.

*Stott, Hollowell, Palmer & Windham, by Douglas P. Arthurs, for plaintiff appellee.*

*Boyle, Alexander, Hord and Smith, by Norman A. Smith, for defendant appellants.*

PHILLIPS, Judge.

[1] The defendants' appeal does not directly contest the main thing decided by the trial judge—that the notes of LPT Enterprises were not part of that concern's capital structure and thus were not left to trustees for Jean M. Mentavlos by the above provision. Thus, that part of the judgment appealed from is presumed to be correct, *London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967); it is also correct both in fact and law. The notes do not represent anything that the partnership owned and could distribute to the partners; they only represent a debt that the partnership owed the testatrix and is obligated to pay, independent of its

obligations to hold, manage and distribute upon liquidation the capital contributed by the partners. In the absence of special provisions so indicating, a bequest of corporate stock does not carry with it debts that the corporation owes a particular stockholder, 96 C.J.S. *Wills* Sec. 780, p. 192 (1957); and nothing in the provision involved suggests that the bequest of stock included the notes involved. Other courts have held to the same effect under similar circumstances. *Balzebre v. The First National Bank of Miami*, 222 So. 2d 49 (Fla. 1969); *Major v. Major*, 106 Ind. App. 90, 15 N.E. 2d 754 (1938).

[2] What the defendants assign as error are (1) the court's failure to remove the plaintiff as co-executor because her interest in the specific bequest of LPT stock conflicted with that of Jean M. Mentavlos; (2) the court's failure to dismiss the action because the plaintiff had stipulated that the defendant co-executor could exercise the discretionary powers devised in the codicil; and (3) the court's failure to determine that the codicil gave the co-executors the discretionary authority to distribute the notes as part of the specific bequest made for the benefit of Jean P. Mentavlos. None of these contentions have merit. Any interested party under a will may petition for a declaratory judgment as to its meaning and effect, G.S. 1-254, and that Pan P. Kerhulas' interest is adverse to that of her sister does not deprive her of the right to have the will's meaning judicially determined. Furthermore, the plaintiff's conflicting interest has done no harm to the defendants because instead of determining as a co-executor that the notes are not covered by the special bequest she stood aside and stipulated that the discretionary powers granted by that provision could be exercised by the defendant co-executor. But contrary to the defendants' argument the stipulation was not unconditional. By its express terms the stipulation extends only to the extent that discretion legally exists and the court correctly ruled that the discretion granted by the codicil to the co-executors does not extend to the notes involved. Though both parties cite many court decisions on the discretionary powers of executors and trustees it is sufficient to note that the testamentary provision involved expressly limits the discretion of the co-executors to determining and distributing the "*number of my shares of the stock of said company or of its successor . . .* [that are] the equivalent of 565 shares of such stock owned" (emphasis

supplied) when the will was written. Where the words employed by a testator are plain they must be taken to mean what they say. *Elmore v. Austin*, 232 N.C. 13, 59 S.E. 2d 205 (1950). The testator granted no discretion to distribute notes, cash, or other articles of value to the trustees for Jean P. Mentavlos under any circumstances. The discretionary grant extended only to shares of stock in the specific corporation named or in the enterprise that succeeded it, and all the shares or interest that the testatrix had in either enterprise at her death has admittedly passed to the trustees already.

Affirmed.

Judges WEBB and JOHNSON concur.