OPINION OF THE COURT
Bernard M. Bloom, S.
In this proceeding, the coexecutors of the estate of Celia *980 Lieberman ask this court to construe her will to determine whether the decedent’s United States Treasury bills and interest in a tax-exempt bond fund pass as "stocks and bonds” under the will’s fourth clause, or whether they pass under the residuary clause.
The fact that the decedent composed the will herself is an important consideration that must be included in the determination of testamentary intent. When a layman drafts his own will, the words used must be construed to have been used in the vocabulary of ordinary life and not in a technical or narrow manner. (Matter of Sanborn, 180 Misc 122 [Sur Ct, NY County 1942]; Matter of Vanderbilt, 132 Misc 150 [Sur Ct, NY County 1928].) Therefore, in construing the terms of a will, courts will consider the substance of the gift, and will not be confined to a narrow reading of the words used in the instrument. (Matter of Manning, 196 App Div 575 [1st Dept 1921], affd 232 NY 512 [1921]; Matter of Burr, 175 Misc 725 [Sur Ct, NY County 1941]; Matter of Bush, 124 Misc 674 [Sur Ct, NY County 1925]; Matter of Cartledge, 118 Misc 131 [Sur Ct, NY County 1922], affd 236 NY 515 [1923].) Thus, resolution of the issue presented herein requires the court to determine the ordinary meaning of the terms "stocks” and "bonds”, and whether or not the assets in question, 350 units in the Nuveen Tax-Exempt Bond Fund and two United States Treasury bills, fall within that meaning.
It has been noted that " '[t]he distinguishing feature of a "bond” is that it is an obligation to pay a fixed sum, with stated interest * * * [t]he distinguishing feature of "stock” is that it confers upon the holder a part ownership of the assets and the right to participate according to the amount of his stock’ ” (In re Muhlfeld’s Will, 157 NYS2d 302, 305 [Sur Ct, Bronx County 1956], quoting Cass v Realty Sec. Co., 148 App Div 96, 100 [1st Dept 1911], affd 206 NY 649 [1912]). In general terms, a bond is a debt security and as such it requires the issuer to repay the principal amount loaned to the government or to a corporation at a fixed maturity date, usually with a stated rate of interest. (See, 6A Fletcher, Cyclopedia of Law of Private Corporations § 2635, at 5 [Perm ed 1981].) A stock is an equity security in that it represents an interest in the equity of a corporation and ownership rights which, among other things, entitle the holder to participate in surplus profits. (Ibid.) Keeping in mind these distinctions, this court finds, for the reasons set forth more fully below, that the United States Treasury bills constitute debt securities and as *981 such should be included in the specific bequest of "bonds” and that the interest in the tax-exempt bond fund constitutes an equity interest in an investment company, and should therefore be included in the specific bequest of "stocks”.
A United States Treasury bill is one of the three debt securities issued by the Federal Government. The statutory provisions concerning the "public debt” which authorize the Secretary of the Treasury to issue bonds, notes, and bills, are contained in 31 USC § 3101 et seq. The Code of Federal Regulations defines Treasury bills as: "Bearer obligations of the United States promising to pay a specified amount on a specified date.” (31 CFR 309.2.) The Secretary of the Treasury has the authority to issue Treasury bills on an interest-bearing basis, on a discount basis, or on a combination interest-bearing and discount basis. (31 CFR 309.1.) Treasury bills are generally issued, like those held by the decedent, on a discount basis, and on the date of maturity the bill’s face amount is received by the investor. For purposes of taxation, the amount of the discount at which the Treasury bills are originally sold is considered to be interest. (31 CFR 309.4.)
The general regulations governing transactions in United States bonds and notes also govern transactions in Treasury bills (31 CFR 309.3.) As for United States bonds, it is noteworthy that the two types of bonds pay interest in different ways. The series E bonds are discount securities and as such the accrued interest is added to the issue price at stated intervals and is payable only at redemption (31 CFR 315.30), while the series H bonds are current income bonds issued at par with interest paid semiannually (31 CFR 315.31).
Looking to the substance of this security, it is apparent that the decedent’s United States Treasury bills, which evidence a debt owed by the United States Government, fall within the general meaning of the term "bond”.
The decedent’s interest in the tax-exempt bond fund is an interest in an "open-end” investment company or mutual fund. An investment company is a corporation which invests in the securities of other corporations on behalf of its investors or shareholders. (See, 15 USC § 80a-3 [a].) An "open-end company”, which is commonly known as a mutual fund, refers to an investment company which continually offers its shares for sale to the public and redeems its own shares. (15 USC § 80a-5 [a] [1].) There are three principal types of investment companies: a "face amount certificate company”, a "unit *982 investment trust” company, and a "management company” (see, 15 USC § 80a-4 [l]-[3]).
At issue in this proceeding is the decedent’s interest in a "unit investment trust”. A unit investment trust is an investment company which is organized under a trust indenture, which issues only redeemable securities each of which represents an undivided, interest in a unit of specified securities, and which does not have a board of directors. (15 USC § 80a-4 [2] [A]-[C].) The decedent’s 320 units in the John Nuveen & Co., Incorporated Tax-Exempt Bond Fund, although not formally called stock, are analogous to stock in that they represent ownership interest in an investment company. (Matter of Levy, NYLJ, Aug. 25, 1969, p 2, col 7 [Sur Ct, NY County (construing "corporate stocks” to include shares in an investment company)].)
This court concludes that decedent’s Treasury bills are to be construed as bonds, and that the decedent’s interest in the Nuveen Tax-Exempt Bond Fund is to be construed as "stocks”; therefore, both assets pass under the will’s fourth clause to Adam Small and Stacey Small.