**Edna FUQUA, Patricia Ann Nagle, Charles L. Nagle, Samuel G.F. Nagle, Patrick H. Nagle, and Charles L. Nagle IV, Appellants,**

v.

**Richard D. O'CONNER, Executor, Donna Pollock, Executrix of Will of Anna H. Glennon, James Edward Pollock, and Michael H. Pollock, Respondents.**

No. 53861.

Missouri Court of Appeals, Eastern District, Division One.

June 28, 1988.

**96**

Branson L. Wood, III, Hannibal, for appellants.

Mark S. Wasinger, Hannibal, for respondents.

CRIST, Judge.

This case involves the construction of the provisions of the Last Will and Testament of Anna H. Glennon. Plaintiffs appeal from the order of summary judgment entered in favor of defendants wherein the court found the bequest to plaintiffs of "all of my stocks" was unambiguous. The court construed the term to include "any shares of holdings representing ownership in a corporation and not bonds or other securities." We affirm.

In Article Third of her will, testatrix bequeathed "all of my stocks" to plaintiffs. At the time of her death, testatrix possessed corporate stock valued at $220,-621.75. There is no dispute that plaintiffs are entitled to this property. However, testatrix also owned Treasury Bonds valued at $60,518.14, debentures valued at $18,000, certificates of deposit valued at $22,000, a bank account containing $4,799.81, and uncashed checks totalling

$2,257.55. Plaintiffs sought to introduce extrinsic evidence to prove that by the term "stocks" testatrix meant all of the above-mentioned items, and therefore they were entitled to all of that property under Article Third of the will.

"Only when the language of a will is ambiguous or wanting in clarity is the court authorized to consider extrinsic evidence to ascertain [the] testator's intent." *Estate of Fleischmann v. Fleischmann,* 723 S.W.2d 605, 608 [1] (Mo.App.1987). Thus we must determine whether the term "stocks" as used in the will was ambiguous.

The term "stocks" is not ambiguous, and the fact that testatrix possessed not only corporate stock, but also bonds, debentures and other monies, does not render the term ambiguous.

The term "stocks," as it is primarily used, does not describe the bonds, debentures and other monies sought by plaintiffs. "In the United States, stock signifies the ownership in the business held by the many persons who bought interests in it...." *Brooks v. Eschwege,* 108 Ohio App. 567, 162 N.E.2d 897, 899 [1] (1957); *Estate of Lieberman,* 133 Misc.2d 979, 509 N.Y.S.2d 283, 284 (N.Y.Sur.Ct.1986) (stock represents an ownership interest in a corporation).

Words used by the testatrix are to be understood in their primary sense unless a different meaning is indicated by the context of the will. *Fleischmann,* 723 S.W.2d at 608 [2]; *Lehmann v. Janes,* 409 S.W.2d 647, 653 [1] (Mo.1966). In this case, testatrix owned over $220,000 worth of corporate stocks. There is no indication from the will that she intended to bequeath anything other than these stocks in Article Third of her will.

Ordinarily, "[a] court may not make a new will, rewrite a will, attempt to make what may seem to be a more equitable distribution nor impart an intent to the testator that is not expressed in the will." *Estate of Welter,* 598 S.W.2d 618, 619 (Mo.

App.1980) (quoting *Magruder v. Magruder*, 525 S.W.2d 400, 405 [1] (Mo.App.1975)).

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.