1. WILLS—CONSTRUCTION—DESCRIPTION OF PROPERTY.
    Testator gave his "vessel property known as 'Moran's Towing Line'" to certain persons, and after executing the will organized a corporation named "Moran's Towing & Transportation Company," to which such property was transferred. Corporate stock was thereupon issued in the names of such legatees in varying amounts. *Held*, that the corporate stock passed under the will to the legatees named.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1243.]

2. DESCENT AND DISTRIBUTION—ADVANCEMENTS.
    Such amounts as had been issued by his direction before his death were advancements on account of the respective legacies.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, § 389.]

In the matter of the probate of the last will of Michael Moran. Decree construing the will rendered.

Peter S. Carter, for proponents.
Francis A. Crowe, special guardian, for Moran infants.

CHURCH, S. The special guardian appointed on behalf of the infants asked for a construction of the will of the deceased. After making several provisions in the will for certain special legatees, the testator recites that he desires to make a division of "my interest in the vessel property known as 'Moran's Towing Line.'" Then follows a provision as to the percentage which various legatees shall have in such property and a direction for the continuance of the business. No residuary clause whatever is contained in the will.

It appears that shortly after the drafting of the will the deceased had a company incorporated, known as the "Moran Towing & Transportation Company," to which he transferred all of his business which he had described in his will as "Moran's Towing Line." The question to be determined is whether this language in the will can be deemed effective as conveying the stock ownership of the deceased in such corporation, or whether the legacies of the will have been adeemed and as to such stock the deceased is to be deemed to have died intestate. The corporation which was thus formed by the deceased consisted of nothing but the towing business which was owned by him and by him described in his will. He was entitled to every share of its stock; but, instead of taking it, he directed the secretary of the corporation to issue it in various amounts to all the persons who are named as legatees in his will. Except for the fact of the existence of the corporate name, the business was carried on and managed in precisely the same manner as it had been conducted by the deceased prior to the organization of such corporation. The provisions of the will bear evidence of careful consideration and as being the results of a carefully devised scheme on the part of the testator to perpetuate such business; and the organization of it into a corporation was evidently in pursuance of a belief that it could be more readily managed in such form than if left in the hands of trustees or other persons subject to the control of the court. It is hardly conceivable that, after having taken these pains, the deceased intended to die intestate as to all of this valuable property. He no doubt thought, and in my judgment thought correctly, that the description in his will of "Moran's Towing Line" sufficiently referred to the general character of the property, without referring to the manner in which it was held.

One of the first considerations to be observed in the construction of a will is that such construction should be adopted as will avoid an intestacy. The conclusion that it was the intention of the testator to die intestate should not be indulged, unless it becomes absolutely necessary. The scheme of the testator can be carried out completely, if it is held that the use of the words "the vessel property" applies to the stock ownership in the towing corporation; and, in considering the proportionate interest of the various legatees, the amount of stock which has been heretofore issued to them in the formation of such company shall be deemed as an advancement in their share. Let a decree be entered, therefore, construing the will accordingly.

Decreed accordingly.