In the Matter of the Estate of ISABEL F. CARTLEDGE, Deceased.

Surrogate's Court, New York County, February, 1922.

Wills — devise of real estate not owned in attempted ratification of agreement to leave corporate stock to devisee in payment of loan to testatrix — real estate had been sold to a corporation and testatrix had received her allotment of shares — claim for loans made to her by devisee disallowed.

In 1912 decedent, her brother and three sisters, owners as tenants in common of certain real estate on Long Island and in Brooklyn, conveyed the same to a realty corporation having a capital stock of 1,700 shares, of which decedent received 340 shares as her one-fifth part. The company did not earn sufficient income to meet taxes and other expenses, and the several stockholders loaned the necessary funds to the corporation. Up to January 7, 1919, the *pro rata* share of decedent in these loans was $9,800, which amount was advanced to her by her brother. In May, 1918, she made a will by which, in consideration

of her brother's kindness and assistance, she devised to him all real estate owned by her on Long Island and in Brooklyn, but as a fact she did not then or at the time of her death own real estate in either place. Upon the accounting the brother claimed under the will to be entitled to all of the stock of the realty company issued to decedent and valued at $24,480, and also filed a claim against the estate for money loaned, with interest, amounting to $11,901.87. By the terms of an agreement under seal executed by decedent in December, 1913, shortly after she had advised her brother by letter that she was going to leave him the real estate she had in the realty company, her stock was pledged as collateral for the loans made by her brother, and by said agreement it was provided that if the loans were not repaid at her death the said stock was to belong to him. *Held*, that the will was, in a sense, an attempted ratification of the written agreement that the stock was to be the property of the brother at decedent's death in payment of the advances made by him.

The agreement which was valid vested the stock in the brother at the death of decedent, and was admissible to show the nature of the legacy to him, and his claim for money loaned will be disallowed.

ACCOUNTING proceeding involving construction of a will

*Davies, Auerbach & Cornell* (*Alexander J. Field*, of counsel), for executor.

*Spencer, Ordway & Wierum* (*Otto C. Wierum*, of counsel), for Charles F. Cartledge.

*Edward J. Dowling*, special guardian.

FOLEY, S. On this accounting, the brother of testatrix claims under paragraph 2 of the will to be entitled to 340 shares of the stock of the Cartledge Realty Company, valued at $24,480, owned by the testatrix at the time of her death. That paragraph of the will reads as follows: " In consideration of his kindness and brotherly assistance, I give, devise and bequeath to my beloved brother Charles F. Cartledge, ' of New York City, New York, all real estate owned by me on Long Island, New York and in Brooklyn, New York. * * * " He has also filed a claim against the estate for money loaned testatrix. The claim with interest amounted to $11,901.87 at the time of her death.

The facts are stipulated. The decedent owned no real estate on Long Island or in Brooklyn, either at the date of her death or at the date of the execution of her will on May 18, 1918. Prior to April 11, 1912, the decedent, her brother and three sisters were owners as tenants in common of certain real estate on Long Island and in Brooklyn. On that date, the Cartledge Realty Company was incorporated with a capital stock of 1,700 shares. The decedent received 340 shares, her one-fifth part, after a conveyance of the property by the tenants in common to the corporation. The Cartledge Realty Company did not earn sufficient income to meet taxes and other expenses and the several stockholders loaned the necessary money to the corporation. Up to and including January 7, 1919, the *pro rata* share of the decedent in these loans was $9,800,

and this sum was advanced to her by her brother, Charles F. Cartledge.

The extrinsic evidence offered by both sides is admissible. *Matter of Manning*, 196 App. Div. 575; affd., 232 N. Y. 512. The deposition of George M. Martin must also be admitted and considered. *Matter of Coughlin*, 171 App. Div. 662; affd., 220 N. Y. 681. This evidence clearly explains the nature of the legacy the testatrix attempted to give her brother. What she intended to bequeath was the stock of the realty corporation which she owned, not to devise realty which she did not own. It is the substance of the attempted gift with which we are chiefly concerned, not the words in which it was attempted to be given. *Matter of Manning*, supra.

In a letter written by decedent on November 18, 1913, she referred to her real estate holdings in the following manner: " This real estate, what I have in the Cartledge Realty Co., I am going to leave to you anyway. I mean, whether the property sells while I live or not. I feel that I owe you it for the kindness of the present time, when I so much need all I have." The testatrix also described the advancements as " assessments " and the same term is used in the written agreement subsequently executed on December 1, 1913. A copy of the agreement is annexed to the stipulated facts, and is part of the extrinsic evidence which must be considered. By the terms of this agreement, which was under seal, the stock was pledged by the testatrix as collateral for loans made and to be made by her brother. The agreement also provided that if the loans were not repaid at the time of her death the pledged stock was to belong to Charles F. Cartledge. The latter does not assign any reason for the invalidity of the agreement. He merely objects to its admission and consideration. The agreement I hold to be valid (*Ga Nun* v. *Palmer*, 216 N. Y. 603; *Winne* v. *Winne*, 166 id. 263), and to have vested the stock in Charles F. Cartledge on the death of the testatrix. The brother must be held to his own obligation, and the transfer at death effectuated by the agreement was of the shares, subject to the lien, and in extinguishment of the claim for the money advanced. His title, therefore, was not enlarged or diminished by the probate of the will. At most it was merely confirmed. The will must, therefore, be construed as an attempted ratification, in a sense, of the written agreement of the parties that the stock was to be the property of the brother at her death, in payment of the " assessments " advanced by him.

In view of the foregoing this claim must be denied.

Claim denied.