December 16, 1921, which reversed a decree of the Monroe County Surrogate's Court admitting to probate the will of Sophia Goers, deceased. The will gave $100 to a son and the balance of the estate to a daughter with whom testatrix had resided for over two years before her death. The validity of the will was questioned upon the grounds of incapacity and undue influence. The Appellate Division held: "The undisputed evidence shows that the testatrix was competent to make the will, and the contestant failed to make out a case of undue influence."

*Eugene Van Voorhis* for appellant.

*Ernest C. Whitbeck* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of COLUMBIA TRUST COMPANY, as Ancillary Executor of ISABEL F. CARTLEDGE, Deceased, Respondent.

CHARLES F. CARTLEDGE, Appellant.

*Decedent's estate — gift by will to debtor of testatrix of securities held by him as collateral — claim against estate for amount of indebtedness disallowed.*

*Matter of Columbia Trust Co.*, 203 App. Div. 899, affirmed.

(Argued April 16, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 24, 1922, which unanimously affirmed a decree of the New York County Surrogate's Court disallowing a claim of the appellant as creditor against the estate of Isabel F. Cartledge, deceased. The claim was for money advanced under an agreement, the material part of which recites that the testatrix owned 340 shares of stock of the Cartledge Realty Company; that assessments had been made upon the stock and were likely to continue to be made, exceeding her ability to pay, and that in consideration of the appellant's pay-

ment of such assessment, the testatrix assigned to the appellant the shares in question as collateral security for such payments as have been or may be made by him. * * * Should no sale of the property of the Cartledge Realty Company occur during the lifetime of the said Isabel F. Cartledge, the party of the first part, sufficient in amount to enable her to repay to the said Charles F. Cartledge, the party of the second part, the assessments paid by him, then and in that event the three hundred and forty shares of the Cartledge Realty Company shall be the property forever of the said Charles F. Cartledge, the party of the second part. No sale occurred during the lifetime of testatrix, who by her will bequeathed the shares in question to appellant. He claims that he may take the shares under the will and still recover the amount of the indebtedness from the balance of the estate.

*Otto C. Wierum* for appellant.

*Martin A. Schenck, Charles E. Hotchkiss* and *Alexander J. Field* for respondent.

Order affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Dissenting: HISCOCK, Ch. J., CRANE and ANDREWS, JJ.

---

FREDERIC S. MARSELL, Appellant, *v.* SAMUEL E. MAIRES, Respondent.

*Contract* — *when agreement by attorney to pay another a percentage of his anticipated fee if latter would assist in having appointed certain trustees of a bankrupt corporation and aid in having him appointed their attorney, void as against public policy.*

*Marsell* v. *Maires*, 203 App. Div. 646, affirmed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 22, 1922, which unanimously affirmed an order of Special Term granting defendant's motion for judgment on the pleadings. The complaint alleged that the defendant herein requested plaintiff to assist him in electing and having appointed