In the Matter of the Estate of PINE E. BUSH, Deceased.

Surrogate's Court, New York County, March 10, 1925.

Wills — construction — gift of corporate stock effected although registered in name of corporation, capital stock of which was owned by testator — will silent as to payment of tax on gift — tax payable by legatees.

A gift of specific shares of corporate stock was effected, although said stock was registered in the name of another corporation and unindorsed, where it appears that the testator was the owner of all of the stock of said other corporation which was maintained by him for convenience in his financial transactions; and that when he died, certificates representing said stock were found in his safe deposit box.

Transfer and inheritance taxes on the gift of said stock must be paid by the legatees, since the will contains no provision as to the payment thereof.

PROCEEDING for an accounting, involving construction of will.

*Geller, Rolston & Blanc*, for the Farmers Loan and Trust Company, petitioner.

*Francis Colety*, executor in person.

*Miller & Warner* [*John B. Warner* of counsel], for Anetia Winifred Dravo and Marguerite H. Stevenson.

*Livingston & Livingston* [*George L. Livingston* of counsel], for Ruth Ethel Marlow.

*Harry N. Wessel*, special guardian.

FOLEY, S.:

In this accounting proceeding a question arises as to the validity of a bequest contained in the 1st codicil to the testator's will. That codicil, so far as material, reads as follows:

" *First.* I give and bequeath to my friend Ruth Ethel Marlow two hundred shares of the preferred stock of the par value of $100.00 a share of the Mackay Companies — represented by two certificates of stock, respectively numbered N 6265 and N 6269."

It is claimed that there was a failure of the gift of this stock. The extrinsic evidence adduced at the hearing showed that the two certificates described in the codicil were registered in the name of the Charlton Realty Company and unindorsed; that the testator was the owner of all of the stock of the Charlton Realty Company, and when he died certificates representing all of the outstanding shares thereof were found in his safe deposit box; that the executors had caused the Charlton Realty Company to be dissolved, and upon dissolution all the assets of the company were turned over to them; that the specific certificates were delivered by the executors to the Mackay Companies, which issued new certificates thereon, registered in the names of the executors, who now hold those certificates for distribution subject to the direction of this court.

The testator's intention to give the stock represented by the certificates to the legatee is conceded by all the parties interested. But it is contended that there was a failure of the gift because the stock was the property of the corporation and not of the decedent. It is evident from the testimony that the corporation was maintained by the decedent for convenience in his financial operations. It also appears to have been of advantage in the adjustment of his income tax. Its books of account were kept in the most careless fashion, and the decedent appears to have treated its funds and property as if they were his individual ownings. To declare the bequest invalid would require the application of highly technical rules. In construing similar provisions contained in wills, the courts have regarded the substance of the gift rather than the words of description. Moreover, exceptions to the doctrine of separate corporate entity have been made in order to sustain the gift. Thus in *Matter of Friedman* (177 App. Div. 755) the Appellate Division, First Department, held that a gift of real and personal property in a will was valid notwithstanding that the title was vested in a close corporation, all of the stock of which was owned by the testator. In that case by the terms of the corporate charter, the corporate life was to terminate within five years. Mr. Justice DOWLING pointed out in his opinion that the decedent was the equitable owner of the property and that the intent to devise was clear. Similarly in *Matter of Cartledge* (118 Misc. 131; affd., 203 App. Div. 899; affd., 236 N. Y. 515) there was an attempt to devise certain realty. Prior to the execution of the will the property had

been conveyed by the testatrix to a real estate corporation, and at the death of the testatrix the stock issued to her for the realty was an asset of her estate. I held there that in order to effectuate the intent of the testatrix, the gift must be construed to convey the shares of stock in the corporation and that the test was the substance of the gift, not the words in which it was attempted to be given. (*Matter of Manning*, 196 App. Div. 575; affd., 232 N. Y. 512; *Matter of Moran*, 53 Misc. 169.) In 2 Jarman on Wills (6th Eng. ed. 1254 *et seq.*) numerous English cases are cited which upheld bequests and devises regardless of the misdescription of the property or the fact that the legal title may be in some other person. In the present will the clause of gift must be construed and be regarded as equally effective as if the testator had stated: " I direct my executors to dissolve the Charlton Realty Company, of which I own all the stock, and further direct them to give to Ruth Ethel Marlow the specified shares of the Mackay Companies, which were issued to the said Charlton Realty Company."

In certain recent cases the doctrine of corporate entity has been disregarded in order to circumvent fraud or administer justice, especially where, as here, the rights of creditors, lienors or other third parties were not involved. (*Garrigues Company* v. *International Agricultural Corporation*, 159 App. Div. 877; *Keating* v. *Hammerstein*, 125 Misc. 334.)

Submit decree settling the account as filed and directing the delivery of the certificates in the Mackay Companies, now in the hands of the executors, to Ruth Ethel Marlow. As the will and codicils are silent on the question as to payment of the transfer and inheritance taxes on the legacies, such taxes must be paid by the legatees.