[Civ. No. 17217.   Second Dist., Div. Three.   May 12, 1950.]

CAROLINE E. MERRILL, Appellant, v. FREEMAN E. DUSTMAN, as Executor, etc., Respondent.

Robert M. Newell for Appellant.

William B. Etheridge for Respondent.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment in an action on a claim against an estate for compensation for services rendered.

June 15, 1943, plaintiff Caroline E. Merrill was employed as cook, housekeeper and practical nurse by the decedent Almira E. Thomas. The employment was verbal; it continued to July 17, 1947, the date of death of Mrs. Thomas. Plaintiff filed a claim against the estate for $7,435 as the reasonable value of the services rendered at the rate of $150 a month in addition to room and board. The claim was rejected and this action followed. The defense was that plaintiff had been compensated for all services rendered; and the court so found.

The court also found that the contract on the part of Mrs. Thomas was to give plaintiff her room and board and $5.00 a week; and if plaintiff stayed with her until her death, to bequeath to her $1,000 cash, the furniture and furnishings in her home and to devise a life estate in her residence property to her. Mrs. Thomas, in her will admitted to probate, bequeathed to plaintiff $1,000, and the household furniture and furnishings, and devised to plaintiff a life estate in the residence property, all owned by Mrs. Thomas at the time of her death. The will did not say that the bequests and devise were in payment for services performed. The court found further "that the gifts, devises and bequests to the plaintiff, as contained in the Last Will and Testament of Almira E. Thomas, were specifically intended, understood and agreed by and between the plaintiff and Almira E. Thomas solely as partial performance of the agreement by and between the plaintiff and Almira E. Thomas as hereinabove found, and not as independent gifts, devises or bequests irrespective of said agreement, or without respect to any claims or rights to claims at any time had by plaintiff against Almira E. Thomas or her estate." The court further found that the value of the bequests and devise, the $5.00 a week, and the room and board greatly exceeds the reasonable value of the services performed by plaintiff. Plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The first point urged for reversal is to the effect that since the will did not say that the bequests and devise were made pursuant to or in performance of decedent's obligation to plaintiff, they cannot be treated as such. A legacy to a creditor made pursuant to a previously executed contract between the creditor and the testator that such legacy should constitute a satisfaction of the testator's debt is held to have the intended effect.[1] Where there is an understanding between the parties that one rendering services to the testator shall be compensated therefor in his will, a bequest or devise of property equal to or exceeding the just amount of the claim extinguishes it.[2] In that case the party does not have an election since he has agreed to look to the testamentary benefit for compensation.[3] If the testatrix had not made the bequest or devise, plaintiff could have recovered the reasonable value of the services for which she had not been compensated.[4] But where the provisions made in the will are in accord with the contract, there is no room for recovery of the reasonable value of the services rendered thereunder.[5]

In *Estate of Cutting,* 172 Cal. 191 [155 P. 1002, Ann.Cas. 1917D 1171], the testator, in an antenuptial contract, promised that he would cause $250 a month to be paid to the woman he intended to marry if they married and she survived him. They married and she survived him. In a postnuptial codicil to his antenuptial will he directed his executors to provide from the remainder of his estate an annual income of $3,000, payable monthly, to his wife in accordance with the antenuptial agreement. The court held that the codicil was executed in order to perform the promise contained in the antenuptial agreement and that by the codicil the promise in the executory agreement was executed.

Plaintiff relies on *White* v. *Deering,* 38 Cal.App. 433 [177 P. 516]. That action was to recover the reasonable value of services as nurse, housekeeper and secretary rendered a dece-

[1] *McLaughlin* v. *Webster,* 141 N.Y. 76, 82 [35 N.E. 1081, 1082]; *In re Cartledge's Estate,* 118 Misc. 131 [192 N.Y.S. 838, 840].

[2] *In re Somerville's Estate,* 20 N.Y.S. 76, 77; *In re Cartledge's Estate,* 118 Misc. 131 [192 N.Y.S. 838] (aff. 203 App.Div. 899 [197 N.Y.S. 902]; in turn aff. 236 N.Y. 515 [142 N.E. 265]); *Rubert* v. *Rubert,* 126 Mich. 589 [85 N.W. 1118]; Anno. 86 A.L.R. 39.

[3] *Alerding* v. *Allison,* 31 Ind.App. 397 [68 N.E. 185, 187].

[4] *Long* v. *Rumsey,* 12 Cal.2d 334, 341, 342 [84 P.2d 146]; *Bogan* v. *Wiley,* 72 Cal.App.2d 533, 536 [164 P.2d 912].

[5] *Eaton* v. *Benton,* 2 Hill (N.Y.) 576, 578.

dent, after rejection of a claim against the estate. The will of the decedent gave the plaintiff a piano, books, Haviland china and "my fifty shares of Arcade Park stock or the sum of one thousand five hundred dollars as she may elect. If the shares are sold in my lifetime, I reserve the right to re-determine the amount to be given to Miss White." The court held that the trial court did not err in not requiring the plaintiff to elect "whether she would proceed with the trial or would accept the legacies in full payment for her services" because the bequests were unconditional and unqualified, and evidence dehors the will could not be received to show that the testatrix intended the bequests to be in full compensation for the services performed. The case is not in point. The claim in the White case was unliquidated. So far as appears from the opinion, there was no agreement by the decedent to compensate the plaintiff. In the present case the decedent agreed to bequeath and devise the identical property given in the will. The case before us involves not only the satisfaction of an obligation but also performance of a contract. Language in the opinion in the White case which appears to support plaintiff's contention was dictum. ■ The true rule is that the contract and the will are to be considered together to ascertain whether the will constitutes performance of the contract.[6]

We have assumed, as the contrary is not suggested, that the estate of Mrs. Thomas is in such condition that the bequests and devise have been, or will be, distributed to plaintiff. ■ We conclude that the court did not err in determining that the bequests and devise made by the will constituted performance of the contract and satisfied decedent's obligation to plaintiff.

■ The next contention is that a finding that decedent paid plaintiff $5.00 a week from June 13, 1943, to July 17, 1947, is not supported by any competent evidence. T. W. Ward, who was decedent's attorney, testified that in January, 1945, plaintiff, in the presence of decedent, stated that she was receiving $5.00 a week as spending money, her room and board, and that she was to receive $1,000 cash, the furniture and furnishings of the house, and a life estate in the property

[6]*Cf., Grimm* v. *Grimm,* 26 Cal.2d 173, 177 [157 P.2d 841]; *Estate of Crane,* 6 Cal.2d 218 [57 P.2d 476, 104 A.L.R. 1101]; *Estate of Whitney,* 171 Cal. 750, 754, 760 [154 P. 855]; *Estate of Wyss,* 112 Cal.App. 487, 492 [297 P. 100]; *Estate of Hurley,* 28 Cal.App.2d 584, 588 [83 P.2d 61]; *Estate of Belknap,* 66 Cal.App.2d 644 [152 P.2d 657]; Anno. 104 A.L.R. 1104; 117 A.L.R. 1001; 125 A.L.R. 1021.

from the estate, and that she was entirely satisfied. On the same occasion decedent, in the presence of plaintiff, said plaintiff was receiving $5.00 a week in cash. Plaintiff did not dispute the statement. On numerous occasions thereafter, until the death of Mrs. Thomas, plaintiff told Mr. Ward that the $5.00 a week arrangement was perfectly satisfactory. Plaintiff had access to decedent's money and did her banking for her. Plaintiff was in contact with Mr. Ward on a number of occasions after the death of Mrs. Thomas but did not, at any time until she presented her claim on October 10, 1947, mention "that she had anything coming from the estate of Mrs. Thomas, outside of the provisions of the will." The foregoing evidence is sufficient to support the finding that decedent paid plaintiff $5.00 a week from June 13, 1943, to July 17, 1947.

Plaintiff next contends that a finding "that the fair and reasonable market value of the services of the plaintiff during the period from June 15, 1943 to and including July 17, 1947 was and is the sum of Ten Dollars ($10.00) per week, plus food and housing . . ." is not supported by any competent evidence. Prior to her employment by decedent, plaintiff had been employed at an average of $9.23 and $10.38 a week, plus room and board, and was willing to go to work for decedent for $10 a week. In June or July, 1943, the executor had a conversation with plaintiff and decedent in which he stated he thought plaintiff should have $10 a week. Plaintiff replied "I am satisfied with five dollars a week. I will take care of Mrs. Thomas." That was in addition to room and board. The evidence is sufficient to support the finding concerning the value of the services. The case is one in which it was competent for the trial judge to determine the worth of the services from the evidence as to their nature and extent. Where the services are of a nontechnical nature, as in the present case, the judge may fix the value from a description of the services performed.[7] Further, even if the finding were unsupported by competent evidence, the error would not be ground for reversal. Plaintiff agreed to perform the services in consideration of receiving $5.00 a week, room and board, and the bequests and devise. She received the consideration she agreed to accept. The reasonable market value of the services performed was immaterial.

[7]*Estate of Reinhertz*, 82 Cal.App.2d 156, 160 [185 P.2d 858, 186 P.2d 755]; *Trumbo* v. *Bank of Berkeley*, 77 Cal.App.2d 704, 712 [176 P.2d 376].

Judgment affirmed. Appeal from order denying motion for new trial dismissed.

Shinn, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 6, 1950.