[Civ. No. 16707.   First Dist., Div. One.   May 22, 1957.]

Estate of JAMES ROBERTSON, Deceased. ELEANOR M. ROBERTSON, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

Andrew F. Burke for Appellant.

Errol C. Gilkey, Thomas L. Ferro, Andrew P. Costelli and Walter M. Dickie, Jr., for Respondents.

BRAY, J.—This appeal upon a clerk's transcript and a settled statement from decree of settlement of final account of special administrators and executors and of final distribution, raises primarily the question as to whether the probate court properly construed decedent's will, a marriage settlement agreement, and a decree upholding the validity of that agreement.

## RECORD

October 17, 1946, decedent executed a will in which he named as beneficiaries his then wife, Ruth Eleanor Robertson; his daughter, Florence Ruth Wanless, and his son, James Krantz Robertson. September 9, 1948, the wife died. August 10, 1949, decedent entered into a prenuptial or marriage settlement agreement with Eleanor M. Hamilton (now Robertson, his widow, appellant). August 12, decedent, then about 65 years of age, and Eleanor married. November 16, decedent died. Only one of the provisions of the agreement had been then carried out.

The executors named in the will, Bank of America and James K. Robertson, filed a petition for its probate. Thereafter appellant filed a partial contest to probate on the ground that she was not provided for in the will nor by the contract.[1] August 15, 1950, the probate court entered a judgment requiring the personal representatives and the beneficiaries of the will to comply with the provisions of the contract.[2] This judgment provided further that appellant was not entitled, additionally to the money and property provided for in the contract, to any of the property or money of the estate, other than family allowance. This judgment was not appealed. In their petition for final distribution, the executors listed the property and money to which under their interpretation of

---

[1] "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received." (Prob. Code, § 70.)

[2] This judgment was made by Hon. James R. Agee sitting in the probate court. For brevity it will be referred to hereafter as the "Agee judgment."

the agreement, the Agee judgment and the will, they believed appellant entitled. Appellant filed exceptions and objections. After a hearing thereon, the decree from which this appeal was taken, was entered.

### The Will

The important provisions here follow. By article second, decedent declared all his property was community property of himself and his then wife, Ruth. By article third he confirmed to her her community half interest in a bowling alley property in Alameda known as "Neptune Bowl." The other half interest he devised to his daughter. By article fourth he confirmed to his wife, Ruth, her community half interest in a partnership business known as Terminal Manufacturing Company. (As recited in the will testator owned a 40 per cent interest.) The other community half interest he bequeathed to his son. By article fifth he devised his residuary estate to Ruth, if she survived him, if not to his son and daughter in equal shares.

His wife having predeceased him without will, upon her death her half of the community property devolved upon decedent, so that at the time of his death the dispositive provisions of the will stood as follows: Under article third the daughter took as a specific devise an undivided one-half interest in Neptune Bowl. Under article fourth, the son took as a specific bequest one-half interest in Terminal. The other half interests in Neptune Bowl and in Terminal as well as all other property constituted residuary estate, which was devised equally to the son and daughter. Thus the daughter acquired a half interest in Neptune Bowl by specific devise and a quarter interest therein and a quarter interest in Terminal as a residuary devisee; the son acquired a half interest in Terminal as a specific legatee and a quarter interest therein and in Neptune Bowl as a residuary devisee.

### The Marriage Settlement Agreement

The provisions important here follow. Paragraph 2 provided that appellant should have no claim to Neptune Bowl or Terminal, and that both properties should be available for testamentary disposition to the son and daughter or the survivor or issue of either or both. In paragraph 3, decedent agreed that upon marriage all of his other property should be treated in all respects as community property of the contracting parties. Decedent further agreed that upon marriage he would create a joint tenancy in his and appellant's name in his home on Clover Drive, Oakland, and would do likewise

with his commercial and savings accounts.[3] In paragraph 4, decedent agreed upon marriage to execute a valid will, devising and bequeathing to appellant all his property except the Neptune Bowl and Terminal. In paragraph 6, he reserved the right to make such testamentary disposition of these two properties as he might desire. Appellant should have no interest in them either in his lifetime or upon his death. Paragraph 9 provided that if he should sell either or both of these properties the proceeds should be kept separate from his other property and appellant should have no claim or interest in such proceeds.

## THE AGEE JUDGMENT

It held the marriage settlement agreement to be a valid obligation binding upon appellant, the estate, the special administrators and the executors. It ordered both of the latter to comply with its terms insofar as the agreement had not been performed by decedent. The exact order was: ". . . said special administrators and/or executors and/or beneficiaries named in the will of decedent are hereby ordered and directed to transfer, assign and convey to contestant, ELEANOR M. ROBERTSON, widow of decedent above named, all of the money and property to which she is entitled to receive under and by virtue of the terms of said agreement; . . ."

## THE DECREE OF DISTRIBUTION

It held that the agreement modified the will and consequently that the will and the agreement must be construed together to effectuate the intention of the decedent, and to dispose of his estate in accordance with the expressed intentions contained in the two documents.

The Clover Drive property which the agreement had provided was to be changed into a joint tenancy together with the household furniture and furnishings therein (appraised at $500) was set aside to appellant as a probate homestead. The savings account which was also to have been changed into a joint tenancy (it amounted to $4,077.32) was distributed to appellant as a specific bequest or legacy.

The entire interest in Neptune Bowl was distributed to the daughter as a specific devise. This property is subject to a deed of trust on which there is a balance due of $3,525.51.

---

[3]Decedent did convert the commercial account into a joint tenancy account. At the time of his death it amounted to $2,680.57, which appellant received as surviving joint tenant. Decedent did not convert the savings account or the Clover Drive property into joint tenancy.

The estate was ordered to pay the daughter that amount. The entire interest in Terminal was distributed to the son as a specific bequest.[4] The business, however, having been sold during probate, a note and chattel mortgage securing part payment therefor, and certain assets of the estate, are distributed to the son to equal the value of said business.

The debts and expenses of administration were ordered paid from the residuary estate. This exhausted the residuary estate. The court found that there was insufficient money in the possession of the executors to satisfy the specific devises in full, and that after applying the entire residuary estate towards the partial satisfaction of such specific devises and bequests there still remained a deficit of $5,821.36; that this deficit should be allocated among the several distributees in proportion to the appraised value of their respective devises and bequests, as follows:

| | | |
|---|---|---|
| Daughter | 54.6% | $3,178.46 |
| Son | 39.4% | 2,293.62 |
| Wife | 6.0% | 349.28 |
| | | $5,821.36[5] |

### Contentions of the Parties

Both parties agree that where, as here, the court in distributing an estate has before it a will and a marriage settlement agreement which is held to be provision for the wife, preventing revocation of the will under section 70, Probate Code, the two documents must be considered together. The main difference in their contentions is the extent of that consideration. Appellant takes the position that the probate court may not make a new will for the testator, but must carry out the terms of the agreement and the terms of the will, withdrawing, however, from the application of the will the properties provided for in the agreement, thus, distributing to appellant under the agreement, and to respondents under the will. Respondents, on the other hand, contend that it is the duty of the court to interpret the will in the light of a will which the court believes the testator would have made

[4] Actually the court held that the will should be construed as specifically devising and bequeathing the Neptune Bowl and Terminal to the son and daughter, one-half to each. The daughter assigned her half interest in Neptune Bowl to her brother, while he assigned his half interest in Terminal to his sister.

[5] By stipulation of the parties, an automobile appraised at $1600 was distributed to appellant. Appellant also received cash in the amount of $153.56.

had he carried out the provisions of the agreement, thus distributing to all parties under the will as the court believes it would have been had the testator himself made a will pursuant to the contract. This was the position that the court took. For example, while the will only provided half interests in Neptune Bowl and Terminal as specific devises and bequests, the other half interests being residuary, the court interpreted the will as providing the full interests as specific bequests and devises.

There can be no question but that under the circumstances here, the agreement as ordered enforced by the Agee judgment and the will must be construed the one in the light of the other. The agreement except as to the portions relating to the creation of joint tenancies, was that decedent would make a will providing for appellant as therein set forth. ██ "It is well settled by the decisions in this state that one may make a valid and binding contract to devise or bequeath certain property in a certain specified way." (*O'Neil* v. *Ross*, 98 Cal.App. 306, 315 [277 P. 123]; *Notten* v. *Mensing*, 3 Cal.2d 469, 473 [45 P.2d 198].) ██ In *Merrill* v. *Dustman*, 97 Cal.App.2d 473 [217 P.2d 998], where the will was made *after* the agreement to make a will, the court held (p. 476): "The true rule is that the contract and the will are to be considered together to ascertain whether the will constitutes performance of the contract." We can see no good reason why, where the will was made before the contract, the will and the contract should not be considered together. ██ That the probate court has the jurisdiction to determine the effect upon a will of a property settlement agreement is well established. (See *Estate of Yoell*, 164 Cal. 540, 554-555 [129 P. 999]; *Bennett* v. *Forrest*, 24 Cal.2d 485, 491 [150 P.2d 416].) By so doing the parties to the contract and in the will are in the same, and no worse or better, condition than if the contract had been carried out and the will made in accordance therewith.

██ But construing the documents together does not mean that the court may make a new will for the testator. It can only enforce the provisions of the will as modified, if they are, by the provisions of the agreement. Thus, here, in the absence of the agreement and looking only to the will, appellant would receive nothing, and the entire estate would have gone to the son and daughter. However, the statute says that if a wife is omitted from a will it is revoked as to her and she is entitled to share in the estate. But, if, as here, provision

is made for her in a marriage contract, the will is not revoked; she receives whatever the contract provides she is to receive, and that property is withdrawn from the application of the will. In all other respects the will applies. ▋ It is in the sense of determining what property is withdrawn from the application of the will that the agreement and the will must be considered together. Thus the court erred in the basis upon which it considered the two documents.

▋ Taking first the savings account which it considered as if the decedent had made a will leaving it to appellant as a specific bequest: The agreement provided that it was to be created into a joint tenancy. Had decedent done so, she would be entitled to it as surviving joint tenant. Or had the executors under the Agee judgment assigned it to appellant as money "to which she is entitled to receive under and by virtue of the terms of said agreement," as should have been done, it would have been taken out of the assets of the estate and could not be charged with any of the estate's obligations. There can be no doubt that the intention of the parties in the agreement, as well as their expressed agreement therein, was that this account was to belong to appellant separate and apart from decedent's estate or its obligations. It was not to be a part of the will which decedent agreed to execute.

Respondents contend that since the savings account was in the name of decedent alone and the agreement did not provide for any definite amount to be placed in a savings account, the action of the court in considering the account as a specific bequest under the will, gave appellant more than she was entitled to. They say that if decedent had opened a joint tenancy account for the sum of $1.00 the agreement would have been performed. The exact language of the agreement is that decedent "further agrees to open *and maintain* joint commercial and savings bank accounts in the names of both of the parties hereto." (Emphasis added.) Taking the agreement as a whole there can be but one interpretation of this clause, namely, that all moneys in bank were to be held in joint tenancy. It is neither logical nor reasonable to interpret this clause as meaning that decedent could place in these joint accounts as little money as he might care to.

▋ The next matter to be considered is the determination that the entire interests in Neptune Bowl and in Terminal were specific bequests and devises. This was erroneous for the reason that neither the will nor the agreement so provided.

The will provided that half interests in each were specific bequests and devises, the other half of each was residuary. The agreement did not attempt to specify in this particular. It provided that appellant was to have no interest in these properties; that they were to remain available to decedent for testamentary disposition to his children. Under the agreement appellant could not have complained had decedent seen fit to will them to someone other than his children. Nor could the children have complained in such event. There was no positive agreement to will them to the children. They were simply to be available for that purpose if decedent desired so to do. Thus, cases concerning agreements for the benefit of third persons are not applicable here because there was no agreement that decedent would will the properties to the children. It is reasonable to assume that decedent, had he made a new will, most likely would have willed, although he could have done otherwise, the two properties to the children as specific devises and bequests. However, he did not do so. Apparently decedent was satisfied to leave his will stand as it was, giving half interests as specific, the other half interests as residuary bequests and devises. The will before the probate court only made half interests in the properties specific bequests and devises. There was nothing in the agreement authorizing the probate court to change the provisions of the will in this respect. The court should have treated these bequests and devises as half specific and half residuary.

This brings us to the question of the correctness of the ruling concerning the property which decedent agreed to will to appellant. The agreement provided that decedent would execute and maintain in effect a will whereby "he shall give, devise and bequeath [to appellant] all of his property" excepting the Neptune Bowl and Terminal. Had decedent done so, such devise and bequest would have been general rather than specific. ▆ "A devise or bequest of all real property or all personal property is not a specific devise or bequest, but is general." (*Estate of Marinos,* 39 Cal.App.2d 1, 5 [102 P.2d 443].) The agreement provided that all of "the rest, residue and remainder of his property and estate" (other than the excluded Neptune Bowl and Terminal) should "be treated in all respects as the community property" of the parties. ▆ Community property is liable for the husband's debts and the expenses of administration. (Prob. Code, § 202; *Estate of Haselbud,* 26 Cal.App.2d 375 [79 P.2d

443].) "A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific . . ." (Prob. Code, § 161.) The court properly considered the property to be received by appellant under the agreement and will as residuary rather than specific.

A reasonable construction of the agreement is that the parties contemplated that all the rest, residue and remainder of his property (that is, other than the Neptune Bowl, Terminal, the Clover Drive property and the commercial and savings accounts) would be willed to the wife, subject to debts and expenses of administration. It would be a most illogical and unrealistic interpretation of the agreement to hold that this property which was to be community property of the parties should go to appellant on decedent's death free and clear of the usual charges to which community property is subject. Had the Agee judgment been carried out during administration, the executors could only have assigned to appellant such of the estate as was not necessary to pay estate charges. ■ Thus the court, in distributing the estate, was correct in making this property subject to payment of such charges. Strictly speaking, the disposition of the rest, residue and remainder of decedent's property to appellant was not under the residuary clause of the will. It was under the agreement which had the same effect as if it were a clause of the will. It was a determination that the properties to which appellant would be entitled under the agreement were subject to the charges of administration.

Neither party is complaining of the setting aside to appellant of the Clover Drive property.

RENT OF NEPTUNE BOWL AND INTEREST DUE TERMINAL

The daughter at the time of decedent's death was the lessee of the Neptune Bowl. The court remitted to her the rent for which she was liable during administration of the estate. This was partially correct. ■ Rents on specifically devised property are regarded as belonging to the realty from which they were derived. (See *Estate of de Bernal,* 165 Cal. 223, 235 [131 P. 375] ; *Estate of Matthiessen,* 23 Cal.App.2d 608, 614 [73 P.2d 1267].) ■ However, only one-half interest was specifically bequeathed. Therefore one-half of the rents were the property of the estate subject to the charges of the estate.

■ The court likewise remitted to the son interest for which he was liable on his promissory note to Terminal. This being an asset of that company and only one-half of that

business having been specifically bequeathed to him, only one-half of the interest should have been remitted.

### PATENT ROYALTIES

The agreement provided that appellant was to have no interest in the royalties connected with the Terminal business. The will disposed of these royalties in the residuary clause. The court distributed them ($433.33) to the son as specific bequests. This was erroneous. They are residuary bequests.

The probate court will have to redetermine the allocation of the debts and expenses of administration. For that reason and to make proper distribution, the decree of distribution except as to the Clover Drive property will have to be reversed.

The decree is affirmed as to that portion setting aside to appellant the Clover Drive property. In all other respects the decree is reversed, and the probate court is instructed to redetermine the proper allocation of the debts and expenses of administration and distribute the estate in accordance with the views herein set forth.

Peters, P. J., and Wood (Fred B.), J., concurred.