[Civ. No. 20836.   First Dist., Div. One.   Mar. 13, 1963.]

JENNIE GOLDSTEIN et al., Plaintiffs and Respondents, v. ROSE HOFFMAN, Defendant and Appellant; SAMUEL ZEMAN, Defendant and Respondent.

Sidney Rudy, Richard N. Rapoport and Wayne H. White for Defendant and Appellant.

Ernest J. Hill for Plaintiffs and Respondents.

Raymond H. Levy for Defendant and Respondent.

MOLINARI, J.—This is an appeal by Rose Hoffman, hereinafter referred to as appellant, from a summary judgment in favor of Jennie Goldstein and Gussie Zeman, hereinafter referred to as the respondents. Samuel Zeman, the executor of the last will and testament of Samuel Hoffman, hereinafter referred to as the executor, has been designated as a respondent on this appeal and has filed a brief herein as such.[1]

---

[1]The instant action names both the appellant and the executor as defendants. The motion for summary judgment was directed to and granted against both of said defendants. The executor has not appealed from such judgment, and hence is not an appellant herein. The executor appears in this appeal as a respondent and has, accordingly, filed a brief in opposition to that of the appellant, supporting the trial court's action in granting the motion for summary judgment. The appellant contends in her closing brief that the executor is not a party to this appeal and that he has no right to be heard on this appeal, although it was the appellant who first designated the executor as a respondent herein in her opening brief. The respondents, Jennie Goldstein and Gussie Zeman, have not filed any briefs herein, but have elected to adopt the executor's brief as their own. As we shall hereafter point out in this opinion, the executor is a proper party defendant in an action of this nature. By not appealing,

## Question Presented

Was the trial court justified in granting the motion of the respondents for a summary judgment?

## The Record

The action herein was filed by the respondents against the executor, the appellant, and the appellant's two children by a previous marriage, Hillard Goldstein and Fred M. Goldstein, hereinafter referred to as the Goldsteins.[2] The complaint alleges as follows: that the appellant is the widow of Samuel Hoffman, hereinafter referred to as the decedent; that the respondents are daughters of the said decedent, being the issue of a previous marriage between the decedent and Rebecca Hoffman, who died on August 10, 1946; that pursuant to a decree of distribution in the estate of said Rebecca Hoffman certain real property was distributed to the respondents; that thereafter the respondents conveyed the said real property to the decedent in consideration of a written agreement executed by the said decedent and dated November 3, 1949;[3] that "[p]ursuant to the commitments" made by said decedent in said agreement he executed his last will and testament;[4] that under and by virtue of said agreement and said will the respondents were entitled to receive the entire estate of said decedent; that subsequent to the probate of the estate of said Rebecca Hoffman, said decedent married the appellant, Rose Hoffman; that despite the terms of said agreement and will, the decedent thereafter executed another will without the consent of respondents, which will was admitted to probate upon the death of decedent as his last will;[5] that the respondent Samuel Zeman was named and appointed executor of said last will; that by virtue of exhibits "A" and "B" the said decedent had only a life estate in the assets contained in his estate; that upon the death of Samuel Hoffman the respondents were entitled to receive the entire estate of the decedent; that the appellant has no interest in the estate of the decedent except as a trustee on behalf of the respondents; and that the Goldsteins claim some interest in said property under the decedent's last will. The complaint prayed for a decree declaring that

the executor has in effect acceded to the trial court's determination and hence should be treated as a respondent herein.

[2]The Goldsteins defaulted in the action and a judgment against them was rendered in the same judgment entered against the executor and the appellant which is entitled "Summary Judgment."

[3]Referred to as exhibit "A."

[4]Referred to as exhibit "B."

[5]Referred to as exhibit "C."

all of the assets of decedent allegedly belonging to his estate are the property of respondents; that the appellant and the Goldsteins have no right or interest therein; and that the appellant and the Goldsteins hold any of such property in their possession as trustees for the respondents for which they are required to account to the respondents.[6] The appellant answered said complaint and asserted several affirmative defenses.

The respondents thereafter filed a motion for summary judgment, and joined in an affidavit filed in support thereof. In view of the elementary principle that there must be a sufficiently supportive affidavit in order to justify the granting of a motion for summary judgment the substantive portions of the said affidavit are set out in their entirety in the footnote.[7] The affidavit contains a statement that all the

[6]Said exhibits ''A,'' ''B'' and ''C'' were not originally included as a part of the clerk's transcript, but are now before us pursuant to an order granting a motion to augment the record.

[7]''That Samuel Zeman is executor of the estate of Samuel Hoffman and that probate proceedings are pending in proceeding No. 156918 before this Honorable Superior Court.

''That Rose Hoffman was the second wife and widow of said deceased Samuel Hoffman and that Hilliard Goldstein and Fred M. Goldstein are the children of said Rose Hoffman by virtue of a marriage other than that of her marriage to said deceased, Samuel Hoffman. That your affiants are the daughters of said deceased Samuel Hoffman and Rebecca Hoffman; that said Samuel Hoffman and Rebecca Hoffman were husband and wife, and that the marital relationship between said Samuel Hoffman and Rebecca Hoffman terminated with the death of said Rebecca Hoffman, to wit, on the 10th day of August, 1946.

''That Rebecca Hoffman, by virtue of her last will and testament left to your affiants herein an undivided one-half (½) interest in and to that certain real property commonly known as 707 McAllister Street, San Francisco, California. That probate proceedings were had before this Honorable Superior Court in proceeding No.184103, and there was distributed to your affiants the interest of the deceased Rebecca Hoffman in and to the aforesaid real property and which interest was an undivided one-half (½) interest. That the deceased Samuel Hoffman did conduct a partnership business at said location in conjunction with his brother, Joseph Hoffman, now deceased.

''That after some discussion, your affiants did agree with the deceased Samuel Hoffman that they would convey to him their interest in said real property in consideration of his contracting with them that he would in fact execute a will leaving his property, both personal anl real, to them and for the further consideration that said will would not be changed without the written consent of affiants. That said contract was reduced to writing and that a true and accurate copy thereof is attached to plaintiffs' complaint as 'Exhibit A' and is incorporated herein by reference as though fully set forth in detail. That on the same date that said contract was entered into, said Samuel Hoffman did in fact execute a last will and testament in accordance with the terms of said agreement and that a copy of said last will and testament is also attached to said plaintiffs' complaint and is incorporated herein by reference as though more fully set forth in detail. That on the same day, to wit,

facts therein stated are within the affiants' personal knowledge, and that if sworn as a witness each could competently testify thereto. The affidavit contains other statements, but these consist of argumentative matter and legal conclusions. The appellant did not file or present a counteraffidavit.[8]

Exhibit "A" is also set out in full in the footnote.[9] Exhibit "B" is entitled "Last Will and Testament," contains an attestation clause, bears the signature of "Samuel Hoffman," is dated November 3, 1949, and in every respect appears to be a testamentary instrument. By its provisions the testator gives, devises and bequeaths all of his property to his "two daughters share and share alike, Jennie Goldstein and Gussie Zeman. . . ." Exhibit "C," which was admitted to probate as the last will of the decedent, is dated February 26, 1958, and by its terms, after bequeathing household furniture and personal effects to the appellant, bequeaths and devises the residue of the estate as follows: one-third each to the respondents and the appellant.

the 3rd day of November, 1949, your affiants did in fact execute their deed conveying to said deceased, Samuel Hoffman, their interest in said estate, and that said deed was duly recorded on the 3rd day of November, 1949, in Book 5297, page 135, Official Records of the County Recorder of the City and County of San Francisco, State of California, and is a matter of public record.

"That said agreement was never at any time with the consent of affiants, or either of them, modified, changed or altered in any degree whatsoever. That despite the terms of said agreement and subsequent to the marriage of said deceased Samuel Hoffman and defendant Rose Hoffman, said Samuel Hoffman did purport nonetheless to execute a new last will and testament without the knowledge of affiants, or either of them, and which said last will and testament is now in probate before this above entitled court in proceeding No. 156816 and which last will and testament violates the terms of the aforesaid agreement in that it purports to give to Rose Hoffman all personal effects and one-third (⅓) of his residuary estate, and that a copy of said will is attached to plaintiffs' complaint herein as 'Exhibit C' and is incorporated herein by reference as though more fully set forth.''

[8]The appellant filed only a memorandum consisting of points and authorities in opposition to the motion.

[9]''San Francisco, California, November 3rd, 1949   In consideration of the execution of a deed by my two daughters Jennie Goldstein and Gussie Zeman, of their interest in the real property on McAllister street west of Gough street in San Francisco, which said property was left to them by the will of their mother and was distributed to them by decree of the probate court of said City, which deed so executed by my two daughters transferred their interest to me, the undersigned Samuel Hoffman, I have this day agreed to execute my Last Will and Testament under the terms of which I bequeath all of my property, personal and real to my said daughters and I further agree that the said will shall remain as my last will and testament and shall not be changed without the written consent of my said two daughters; the said will as agreed has this day been made and published.

Samuel Hoffman.''

The court below granted the motion for summary judgment, and subsequently made its judgment which ordered, adjudged and decreed that the respondents have judgment against the appellant and the Goldsteins; that all adverse claims of the "defendants" in and to the estate of the decedent are decreed to be invalid and groundless; that the sole, true and lawful beneficiaries of the estate of said decedent and entitled to the distribution of all the assets of said estate are the respondents, share and share alike, reserving to the probate court the determination of possible family allowance to the appellant.

### Contentions of the Appellant

1. The affidavit does not set forth sufficient facts to entitle the respondents to a judgment.

2. An agreement to make a will cannot be specifically enforced.

3. The respondents are not entitled to quasi-specific performance because they failed to show in their affidavit that they did not have an adequate remedy at law.

### Contentions of the Respondents

1. A contract to make a will is a binding contract and is specifically enforceable.

2. The respondents' affidavit was sufficient to support the granting of the motion for summary judgment.

### The Summary Judgment Procedure

The purpose of the summary judgment procedure is to discover, through the media of affidavits, whether the parties possess evidence which demands the analysis of trial. (*Burke* v. *Hibernia Bank*, 186 Cal.App.2d 739, 744 [9 Cal. Rptr. 890]; *Kramer* v. *Barnes*, 212 Cal.App.2d 440, 445 [27 Cal.Rptr. 895]; Code Civ. Proc., § 437c.) The object of the proceeding is to discover proof. (2 Witkin, Cal. Procedure, pp. 1711-1715.) A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Burke* v. *Hibernia Bank*, *supra*, pp. 743-744; *Kramer* v. *Barnes*, *supra*, p. 442.) In the case at bench we do not have any counteraffidavit. We are relegated, therefore, to a determination of whether the affidavit of the respondents is sufficiently supportive of the instant summary judgment. (*Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353, 366 [333 P.2d 133].)

In order to meet the test of sufficiency and thus place the proceeding in the posture where, in the absence of a counteraffidavit, the trial court would be required to grant the motion for summary judgment, the affidavit of the respondents must satisfy three requirements: (1) It must contain facts sufficient to entitle the moving parties to a judgment, i.e., facts establishing every element necessary to sustain a judgment in their favor; (2) such facts must be set forth with particularity, i.e., all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and (3) each of the affiants must show that if sworn as a witness she can testify competently to the evidentiary facts contained in the affidavit. (*Snider* v. *Snider*, 200 Cal.App. 2d 741, 748 [19 Cal.Rptr. 709]; *House* v. *Lala*, 180 Cal.App. 2d 412, 416 [4 Cal.Rptr. 366]; *Kramer* v. *Barnes, supra*, p. 443.) Where the moving affidavit is uncontroverted the trial court is entitled to accept as true, for the purposes of the motion for summary judgment, the facts stated therein, provided they are within the personal knowledge of the affiant and are facts to which he could competently testify. (*Southern Pacific Co.* v. *Fish, supra*, p. 362; *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464].) It is also well established that where no triable issues are presented, and the sole remaining question is one of law, that question may appropriately be determined on a motion for summary judgment. *(Wilson* v. *Wilson*, 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Siemon* v. *Russell*, 194 Cal. App.2d 592, 595 [15 Cal.Rptr. 218]; *Nini* v. *Culberg*, 183 Cal.App.2d 657, 664 [7 Cal.Rptr. 746]; *Pacific Inter-Club Yacht Assn.* v. *Richards*, 192 Cal.App.2d 616, 620 [13 Cal.Rptr. 730].)

### The Agreement to Make a Will

The statutes of this state provide that a person may make a valid agreement in writing binding himself legally to make a particular disposition of his property by will. (Civ. Code, § 1624, subd. 6; Code Civ. Proc., § 1973, subd. 6; *Wolf* v. *Donahue*, 206 Cal. 213, 220 [273 P. 547].) Accordingly, where a party contracts to make a particular disposition of property by will, the agreement necessarily includes a promise not to breach the contract by revoking the will and failing to dispose of the property as agreed. (*Brown* v. *Superior Court*, 34 Cal.2d 559, 564-565 [212 P.2d 878]; *Brewer* v. *Simpson*, 53 Cal.2d 567, 589 [2 Cal.Rptr. 609, 349 P.2d 289].) The rights of the parties to such an agreement depend upon the contract, and the revocation of the will or other breach of the contract

does not prevent the intended devisee or legatee from enforcing the contractual obligations. (*Brown* v. *Superior Court, supra,* p. 565; *Daniels* v. *Bridges,* 123 Cal.App.2d 585, 589 [267 P.2d 343].) The party who agrees to make a particular disposition of property by will pursuant to such a written agreement is estopped from making any disposition of the property different from that contemplated, and such estoppel cannot be avoided by his subsequent marriage or a will in disregard of the terms of the contract. The basis of the estoppel lies in the acceptance of the benefits of the agreement by the promisor. (*Sonnicksen* v. *Sonnicksen,* 45 Cal. App.2d 46, 55 [113 P.2d 495].)

A contract to make a will is breached only if it has not been complied with at the time of the promisor's death. (*Ludwicki* v. *Guerin,* 57 Cal.2d 127, 130 [17 Cal.Rptr. 823, 367 P.2d 415].) In case of a breach the promisee has several remedies, such as an action at law for damages and equitable relief in the form of "quasi specific performance." (*Brown* v. *Superior Court, supra,* pp. 563-564; *Ludwicki* v. *Guerin, supra,* p. 130; *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 [106 P.2d 879]; *Daniels* v. *Bridges, supra,* p. 589.) Equity will give relief equivalent to specific performance by impressing a constructive trust upon the property which the decedent has promised to leave to the promisee. (*Ludwicki* v. *Guerin, supra,* p. 130; *Bank of California* v. *Superior Court, supra,* p. 524; *Notten* v. *Mensing,* 3 Cal.2d 469, 473 [45 P.2d 198].)

The breach may result in not making a will disposing of the property as provided for in the agreement, or it may consist in the revocation of a will providing for such a disposition contrary to an agreement not to revoke. Because a will is ambulatory until death, it may be revoked notwithstanding an agreement not to revoke. (*Brown* v. *Superior Court, supra,* p. 565; *Notten* v. *Mensing, supra,* p. 473.) However, even though a will may be revoked, where there is a valid agreement not to revoke, which agreement is fair and reasonable and adequately supported by consideration, equity will grant such "quasi-specific performance" by making the parties who receive the estate constructive trustees for the intended beneficiaries under the revoked will, in accordance with the terms of the contract. (*Notten* v. *Mensing, supra,* p. 473; *West* v. *Stainback,* 108 Cal.App.2d 806, 815 [240 P.2d 366].)

Upon the death of a person, the title to his property, real and personal, passes to the person to whom it is left in his

will or who takes by intestacy, but all his property is subject to the possession of the executor or administrator for purposes of administration. (Prob. Code, § 300.)

Property subject to an express trust created by will vests the legal title of the trustee and the equitable title of the beneficiary as of the date of death. (*Estate of Platt*, 21 Cal.2d 343, 347 [131 P.2d 825].) The same principle has been applied to a constructive trust which arises in favor of the promisee, because of the conduct of the decedent in failing to perform an agreement to make a particular disposition of his property by will. Accordingly, such constructive trust may be imposed immediately after death. (*Ludwicki* v. *Guerin, supra*, p. 132.) An action to impose such a trust does not interfere with the proceedings in probate, because it is in effect a suit between a claimant under the contract and claimants under the will or by intestacy as to who is entitled to all or part of the estate. (*Ludwicki* v. *Guerin, supra*, p. 132.) Such an action does not set forth a claim against the estate, or the executor, or against his right to possession for purposes of administration. With respect to the proceeding, the executor is in the position of a stakeholder, although he may properly be made a party defendant for the purpose of restraining him from distributing the property without regard for plaintiff's interests. (*Ludwicki* v. *Guerin, supra*, p. 132.)

It is also the rule that the agreement to make a will and the last will and testament of the decedent are to be construed together to ascertain whether the will constitutes performance of the contract. (*Merrill* v. *Dustman*, 97 Cal. App.2d 473, 476 [217 P.2d 998]; *Estate of Robertson*, 151 Cal.App.2d 209, 215 [311 P.2d 573].) The construing of the documents together does not mean that the court is making a new will for the testator. If the will does not dispose of the property as provided for in a valid agreement to make a will, the court proceeds to enforce the will *as modified* by the provisions of the agreement. The will is not revoked by such construction, but what the court does, in effect, is to determine what property the promisee under the agreement is to receive under the will. The disposition of the property is made pursuant to the provisions of the agreement, which provisions have the same effect as if they were clauses of the will. (*Estate of Robertson, supra*, pp. 215-216, 218.)

Applying the above rules to the instant case, it is clear that the respondents' affidavit and exhibits set forth

facts which, if true, establish every element necessary to sustain a judgment in their favor. These facts are uncontroverted. The lower court was, therefore, entitled to accept them as true provided they satisfy the statutory requirement of "particularity." Excepting as to those facts which have to do with the meaning and effect of the exhibits and the contents of the records in other proceedings in the same court, the requisite evidentiary facts are stated with sufficient particularity to indicate that they are within the personal knowledge of the affiants and to which they could competently testify if called as witnesses. There being no conflict as to the terms of the exhibits, and it appearing that the provisions thereof are not uncertain or ambiguous, the meaning and effect of the exhibits, and the relation of the parties thereby created, became questions of law to be decided by the court. (*Nizuk* v. *Gorges,* 180 Cal.App.2d 699, 705 [4 Cal.Rptr. 565].) ▇▇▇ Moreover, as to the matters which are the subject of records in other proceedings in the same court, the trial court is authorized, on a motion for summary judgment, to take judicial notice of these records where, as here, they are adequately referred to in the affidavit. (*Thomson* v. *Honer,* 179 Cal.App.2d 197, 203 [3 Cal. Rptr. 791].) ▇▇▇ We thus have a situation in the instant case where the trial court was called upon to apply the law to uncontroverted facts. No triable issue of fact being presented, the sole question is one of law. That question, as we have pointed out above, may be appropriately determined on a motion for summary judgment.

The trial court was, therefore, warranted in concluding that exhibit "A" was a valid agreement to make a will based upon a sufficient consideration; that pursuant to said agreement a will (exhibit "B") was executed, leaving all the decedent's estate in equal shares to the respondents; that said agreement provided that said will would not be revoked without the written consent of respondents; that exhibit "B" was in fact revoked by the execution of the last will (exhibit "C") which specifically provides that all other wills theretofore made were revoked; that to the extent that exhibit "C" left each of the respondents one-third of the residue of the decedent's estate it complied with exhibit "A"; that by revoking exhibit "B" and specifically bequeathing his interest in household furniture and furnishings, personal effects and jewelry to the appellant, and by devising and bequeathing to her one-third of the residue of his estate under the provisions of exhibit "C," the decedent breached ex-

hibit "A"; that by reason of said breach a constructive trust was imposed upon the property devised and bequeathed to the appellant under exhibit "C"; that the appellant holds such property as trustee for the respondents; and that said property is subject to administration by the said executor who is enjoined to distribute the same to the respondents upon the distribution of the estate.

## The Adequacy of the Remedy at Law

■■■■ The appellant contends that the remedy for breach of an agreement to make a particular disposition of property by will is an action for money damages. She accordingly asserts that because no claim has been presented to the estate for such damages the respondents cannot prevail. It is maintained further by the appellant that the respondents are not entitled to equitable relief because their affidavit did not allege facts showing that they do not have an adequate remedy at law. These contentions are premised upon the belief that a plaintiff in an action for breach of an agreement to make a will is relegated to an action for damages unless he can show that money damages would not have amply compensated him. The absence of such a showing, says the appellant, is an indication that the respondents had an adequate remedy at law. This contention was answered in *Jones* v. *Clark,* 19 Cal.2d 156 [119 P.2d 731], as follows: "Nor is there merit in the contention that plaintiff had an adequate remedy at law. As said in *Wolf* v. *Donohue,*[10] *supra,* at page 220: 'It is well settled in this state by numerous decisions that a court of equity will decree specific performance of such an agreement [to dispose of property by will] upon the recognized principles by which it is governed in the exercise of this branch of its jurisdiction.' " (P. 160.)[11] (See *Potter* v. *Bland,* 136 Cal.App.2d 125, 134 [288 P.2d 569]; and *Sonnicksen* v. *Sonnicksen, supra,* 45 Cal.App. 2d 46, 57 [113 P.2d 495]; *West* v. *Stainback, supra,* 108 Cal. App.2d 806, 816-817 [240 P.2d 366].) ■■■■ The instant case does not seek a money judgment, but seeks to have the property bequeathed and devised to the appellant impressed with a constructive trust. The law does not, therefore, re-

---

[10] 206 Cal. 213.

[11] *Jones* and *Wolf* both involved actions, like the instant one, for quasi-specific performance of an agreement to devise property by will.

quire the presentation of a claim as a condition precedent to the maintenance of an action in quasi-specific performance. (*West* v. *Stainback, supra,* p. 817.)

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1963.